# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| **BRUCE C. COHEN, individually, as** | ) | **Court File #: _____** |
| **PRIVATE ATTORNEY GENERAL,** | ) | |
| **and on behalf of similarly situated** | ) | |
| **INDIVIDUALS,** | ) | |
| | ) | |
| **PLAINTIFFS,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT** |
| | ) | |
| **CONSILIO LLC, and** | ) | |
| **CONSILIO SERVICES, LLC.** | ) | **Jury Trial Demanded** |
| | ) | |
| **DEFENDANTS.** | ) | **Class Actions** |

Copy served by U.S. Mail on Minnesota Attorney General Keith Ellison at:

> Office of Minnesota Attorney General Keith Ellison
> 445 Minnesota Street, Suite 1400
> St. Paul, Minnesota 55101

Plaintiff Bruce C. Cohen, individually, as Private Attorney General, and on behalf of similarly situated individuals ("Plaintiffs"), by his attorneys, Singh Advisors, LLC, brings this action for damages and other legal and equitable relief, state the following as his claims against Consilio LLC and Consilio Services, LLC ("Defendants").

## NATURE OF ACTION

1. Plaintiffs seek unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the Minnesota Overtime Statute[1] ("MOS") Chapter 177, and other similar state statutes. Potential FLSA opt-in plaintiffs reside and work for Defendants at various offices and facilities in the states of Minnesota, Illinois, Michigan, New York, North Carolina, Florida, Texas, and

---

[1] The Minnesota Overtime Statute ("MOS") is sometimes referred to as the Minnesota Fair Labor Standards Act ("MFLSA") but will be referred to as "MOS" for clarity between federal and state claims.

District of Columbia and possibly additional states. This lawsuit may give rise to a class action under the FLSA.

2.  Plaintiffs further seek to enjoin Defendants from engaging in the unauthorized practice of law in Minnesota because Defendants failed to register and comply with the registration and reporting requirements of the Minnesota Professional Firms Act ("MPFA"), Minnesota Statutes Chapter 319B. Plaintiffs further seek declaratory judgments under Delaware and Virginia law regarding the unlawful splitting of fees the result from the unauthorized practice of law.

3.  Plaintiffs further seek relief against Defendants pursuant to the Minnesota Wage Theft Act resulting from Defendants' unlawful changes to Plaintiffs' terms and conditions of employment without providing proper statutory notices.

4.  Plaintiffs further seek to enjoin Defendant Consilio, LLC from engaging in any business activity in Minnesota until it registers under the relevant statutes with the Minnesota Secretary of State to engage in any business activity in the State of Minnesota.

### JURISDICTION AND VENUE

5.  This action arises under Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331, federal question. Venue is proper under 28 U.S.C. §1391.  Defendants operate in this district, provide general business services in Minneapolis, Minnesota and a substantial part of the events or omissions that give rise to Plaintiffs' claims occur and continue to occur in this district.

6.  This Court has supplemental jurisdiction over Plaintiff Cohen's state law claims pursuant to 28 U.S.C. § 1367.

### Defendant Consilio Services, LLC

7.  This Court has personal jurisdiction over Defendant Consilio Services, LLC with proper venue in this Court since Defendant is registered as a foreign limited liability company ("FLLC") in Minnesota, appointed a registered agent, established a registered office address with the Minnesota

Secretary of State at 2345 Rice Str #230, Roseville, MN 55113, and thereby consented to jurisdiction of the courts in Minnesota.

8.  This Court additionally has personal jurisdiction over Defendant Consilio Services, LLC with proper venue in this Court for at least the following reasons:

a) Defendant Consilio Services, LLC leases, rents and/or uses a business office at 330 2nd Ave S #500, Minneapolis, MN 55401 ("Minneapolis office");

b) Defendant Consilio Services, LLC employees, including Plaintiff Cohen, conduct document review work at the Minneapolis office;

c) On information and belief, Defendant Consilio Services, LLC maintains and uses business equipment in the Minneapolis office including computers, phones and a copying machine;

d) Defendant Consilio Services, LLC additionally employs Plaintiff Cohen to perform document review services at his home in Faribault, Minnesota within the jurisdiction and venue of this Court. Defendant also employs other similarly situated document reviewers to work from their homes in Minnesota within the jurisdiction and venue of this Court.

**Defendant Consilio, LLC**

9.  This Court has personal jurisdiction over Defendant Consilio, LLC with proper venue in this Court for at least the following minimum contact reasons:

a) Defendant Consilio, LLC leases, rents and/or uses a business office, including document review facilities at 330 2nd Ave S #500, Minneapolis, MN 55401 ("Minneapolis office");

b) Defendant Consilio, LLC maintains and uses business equipment in its Minneapolis office including servers and other computers that support and connect with its national and international virtual private network, which supports and connects the document reviewers at this Minneapolis work site with document reviewers at other facilities throughout the United States and internationally;

c) Defendant Consilio, LLC employs approximately sixty-five document review employees at its Minneapolis office and/or at their homes in Minnesota, generating significant revenue for

3

Defendants.  During the COVID-19 pandemic, these document reviewers work at home throughout the Twin Cities Metropolitan area and have daily contact with managers that work out of the Minneapolis office and daily contact with managers at its other fifteen permanent document review centers across the United States;

d) Defendant Consilio, LLC Minneapolis office also support its Midwest region eDiscovery services and other legal services;

e) Defendant Consilio, LLC regularly hosts and facilitates its clients and prospective clients to physically inspect and tour this facility;

f) Defendant Consilio, LLC solicits new employees, hires, trains, and supervises employees at its Minneapolis office.  Managers from other Consilio, LLC facilities come to the Minneapolis office to train Minnesota employees.  The Manager of the Minneapolis office goes to other facilities for various management related responsibilities;

g) Defendant Consilio, LLC conducts and solicits document review business at its Minneapolis office.  The employees at this office collaborate and participate in or teams with other employees at its other offices throughout the United States on document review projects;

h) Plaintiff's injuries complained of herein occurred in Minnesota.

**PARTIES**

10.  Plaintiff Bruce C. Cohen is an individual who resides in Faribault, Minnesota and is employed by Defendants at Defendants' business office in Minneapolis, Minnesota, and at Plaintiff's home in Faribault, Minnesota, within the jurisdiction and venue of this Court.

**(Defendant Consilio Services, LLC)**

11.  Defendant Consilio Services, LLC ("Defendant CS" or "Employer") is registered as a general Delaware limited liability company.

12.   In the State of Delaware Defendant CS is not registered as a professional limited liability company ("PLLC") under the Delaware Professional Service Corporation Act, 8 Del. C. 1953, §  601 et seq., and thus is not authorized to engage in the practice of law in Delaware.

13.   In the State of Minnesota, Defendant CS is registered as a foreign limited liability company in good standing under Minnesota Statutes Chapter 322C.  A certificate of authority to act as a foreign limited liability company does not give Defendant CS any greater authority to act in Minnesota than a domestic limited liability company.

14.   In the State of Minnesota, Defendant CS did not elect to become a foreign professional services firm and thus is not authorized to furnish any professional legal services pursuant to the Minnesota Professional Firms Act, Minnesota Statutes Sections 319B.01 to 319B.12 ("MPFA"). Defendant CS has not filed any annual reports with the Minnesota Board of Professional Responsibility pursuant to Minnesota Statute § 319B11, subdiv. 4 et seq.

15.  In all of the other jurisdictions where Defendant CS is engaged in business activities, it has not elected to become a foreign professional services limited liability company and thus is not authorized to furnish any professional legal services in the following jurisdictions, including but not necessarily limited to, the states of Illinois, Michigan, New York, North Carolina, Ohio, Florida, Texas and the District of Columbia. In its North Carolina 2019 Annual Report, Defendant CS describes its "NATURE OF BUSINESS" as "Document Review and Related Services." The Annual Report makes no reference to providing any professional legal services.

16.   In all other jurisdictions where Defendant CS is engaged in business activities, Defendant CS is not registered and does not report or comply with the professional legal firm registration requirements or reporting requirements of those states' lawyer professional responsibility boards, including but not necessarily limited to, the states of Illinois, Michigan, New York, North Carolina, Ohio, Florida, Texas and the District of Columbia.

17. Defendant CS is Plaintiff Cohen's employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d), (g).

18. At all times relevant to this Complaint, Defendant CS has qualified as an enterprise engaged in commerce or in the production of goods for commerce as defined by Sections 203(i) and 203(s)(1) of the FLSA, and has annual gross volume of sales which exceed $500,000.00.

19. Plaintiff signed a consent form to join this lawsuit, which is attached and incorporated by reference herein as Attachment A. As this action proceeds, it is likely that other individuals will file consent forms and join as opt-in plaintiffs.

**(Defendant Consilio, LLC)**

20. In the State of Virginia, Defendant Consilio, LLC ("Defendant Consilio") is registered as a general limited liability company. It did not elect to register as a professional limited liability company and is not authorized to provide any legal services under the Virginia Professional Limited Liability Company Act, Virginia Statutes. Sections 13.1-1100 et seq.

21. On information and belief, Defendant Consilio is not registered as a professional services limited liability company in any jurisdiction in the United States.

22. In the State of Minnesota, at all times relevant to the Complaint, Defendant Consilio is not registered as a business entity in any capacity and is not authorized to conduct any business. Notwithstanding that Defendant Consilio does not have a certificate of authority to transact any business in Minnesota and thus is in violation of Minnesota Statutes Section 303.30, Defendant Consilio provides and continues to provide general business services and solicits business at its Minneapolis office.

23. In the State of Minnesota, Defendant Consilio has not elected to become a foreign professional services firm and thus is not authorized to furnish any professional legal services pursuant to the Minnesota Professional Firms Act, Minnesota Statutes Sections 319B.01 to 319B.12 ("MPFA").

24. In the State of Minnesota, Defendant Consilio has not filed the initial or any annual reports with the Minnesota Board of Professional Responsibility pursuant to Minnesota Statute § 319B11, subdiv. 4 et seq.

25. In all other jurisdictions where Defendant Consilio is engaged in business activities, it is only registered as a foreign limited liability company including but not necessarily limited to Illinois, Michigan, New York, North Carolina, Florida, Texas and the District of Columbia.

26. In other jurisdictions where Defendant Consilio is engaged in business activities, Defendant Consilio has not elected to become a foreign professional services limited liability company and thus is not authorized to furnish any professional legal services pursuant to relevant professional limited liability company statutes or the professional legal firm registration rules and regulations in the following states, including but not necessarily limited to, Illinois, Michigan, New York, North Carolina, Florida, Texas and the District of Columbia.

27. At all times relevant to this Complaint, Defendant Consilio has qualified as an enterprise engaged in commerce or in the production of goods for commerce as defined by Sections 203(i) and 203(s)(1) of the FLSA, and had annual gross volume of sales which exceeded $500,000.00.

28. Defendant Consilio is Plaintiff's joint employer within the meaning of the FLSA, 29 U.S.C. § 203(d), (g), and 29 C.F.R. § 791.2.  Defendants share common management. Plaintiff Cohen was interviewed, hired or effectively recommended for hiring and trained by a Defendant Consilio employee at the Minneapolis office.

## FACTUAL ALLEGATIONS
### (Background)

29. Defendant Consilio, *inter alia,* provides services at its facilities nationwide for its employees and employees of Defendant CS, including but not necessarily limited to: hiring and firing, on-site and off-site supervision and training, maintaining time records, human resource support, employee benefits, and other services.

30. Defendant Consilio receives documents, some of which may be shipped in encrypted format, from customers and/or clients, *inter alia,* at its Chicago Data Center. It then decrypts, formats or otherwise processes the documents into batches for distribution and review by Defendants' document review employees at its national and international facilities, including Minneapolis.

31. Plaintiff Bruce C. Cohen (hereinafter referred to as "Plaintiff" or "Employee") is an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and relevant state law. Plaintiff Cohen is employed as a document review employee of Defendants at its Minneapolis business facility where he uses computers provided by Defendants, and also does remote work out of his home.

32. Defendants provide document review services which includes coding electronic documents in accordance with their clients' needs in Minnesota and other states including Illinois, Michigan, New York, North Carolina, Ohio, Florida, Texas and the District of Columbia.

33. Plaintiff Cohen and similarly situated Employees perform electronic document review work also known as coding. Such work entails reviewing electronic documents against a checklist prepared by Defendants, then coding the document by marking off applicable items from the checklist.

34. Electronic documents coded by Plaintiff Cohen and similarly situated Employees are goods within the meaning of the FLSA including 29 U.S.C. § 203(i) and 29 U.S.C. § 215(a)(1). Such coding work entails the production of goods within the meaning of 29 U.S.C. § 203(j).

## **EMPLOYEES' WAGES AND HOURS**

35. Plaintiff Cohen and most Employees at the Minneapolis facility or working remotely are paid an hourly wage at a rate of twenty-four dollars ($24.00) per hour. Employees performing foreign language translation work may be paid at a higher rate.  Prior to August 5, 2019, Employees were classified by Defendants as non-exempt employees entitled to receive overtime. Non-exempt employees at different document review centers may be paid different rates.

36. Prior to August 5, 2019, Plaintiff Cohen and other Employees were paid overtime pursuant to Defendants' overtime policies including a "SALARY BASIS / SAFE HARBOR POLICY" which is

set forth in the 2018 *Consilio Services Handbook* at pages 27-28 (a copy of the overtime policy is attached and incorporated herein by reference for all purposes as Attachment B) and sets forth Defendants' policies and in particular, that an employee who is exempt from overtime requirements of the FLSA must be paid a salary or be actively engaged in the practice of law.

37. Plaintiff and most Employees were paid overtime at a rate of one and one-half the regular rate or Thirty-Six dollars ($36.00) per hour in Minnesota for all work performed in excess of forty (40) hours in one work week. On information and belief, this overtime policy was effective at many, if not all of Defendants' facilities nationwide.

38. On or about August 5, 2019, Defendants instituted a new overtime policy ("NOP"), which Jennifer Vaughan, Defendant Consilio's Senior Director of Recruiting, distributed to Employees at the Minneapolis facility, including Plaintiff, in an email dated July 31, 2019, a copy is attached and incorporated by reference herein for all purposes as Attachment C.

39. On information and belief, NOP was effective at many, if not all of Defendant's facilities nationwide. The payment of straight time for work in excess of forty (40) hours in one week is part of a unified national policy. The NOP provides in part:

> As part of our integration efforts with Advanced Discovery and DiscoverReady over the course of the last year, we have continued to evaluate our policies to ensure our approach as a single organization going forward is aligned with the market.

40. Pursuant to NOP, Defendants authorize Employees to work up to sixty (60) hours in a work week, but paid Plaintiff and other Minnesota Employees straight-time, twenty-four (24) dollars per hour up to sixty (60) hours. On information and belief, Employees at other document review facilities also were authorized to work up to sixty (60) hours in a work week, but were paid at straight time pursuant to the NOP.

41. The *Consilio Services Employee Handbook* (April 2018) provides in part at page 10:

"Employees in non-exempt positions are entitled to overtime pay under federal and state wage and hour laws… **An employee's exempt or non-exempt status may be changed only upon written notification from Management"** (emphasis in original).

42. The NOP did not notify Plaintiff and other similarly situated Employees that their non-exempt status was changed to exempt status. Defendants did not send any other written notification to Plaintiffs on the change of status.

43. On and after August 5, 2019, Plaintiffs continued to receive overtime pay for work in excess of forty (40) hours in one work week on limited and specific projects where the customer agreed to pay for the overtime.

44. Pursuant to the NOP, on and after August 5, 2019, on projects where overtime costs were not passed on to customers, Employees worked in excess of forty (40) hours in one work week, with some Employees, including Plaintiff Cohen, working up to sixty (60) hours in one week, at straight time pay. On information and belief, Employees at other locations worked similar hours and received straight time pay at many, if not all, of Defendants' document review facilities nationwide.

45. Prior to the NOP, Defendants' normal business practice was to send out emails to employees on overtime policy and other changes in rate of pay decisions. Subsequent to NOP, Defendants instituted *ad hoc* notifications of overtime opportunities based on bonus and not based on time and a half.   For example, Defendants authorized up to fifty (50) hours of work per week for just some Employees. For hours worked in excess of forty (40) hours and up to fifty (50) hours, those Employees received a "bonus" in lieu of "overtime." The rate of pay for the "bonus" was the same rate of pay had the Employee received "overtime."  As recently and in July 2020, Defendants continue to intentionally avoid paying overtime by instituting another "bonus" program.  Under this program, Defendants paid a "bonus" of $150 for hours worked between 50 and 59 but did not pay any overtime.  For working at least 60 hours, the bonus was $200 and no overtime was paid.

46. Defendants knew that they are obligated to pay Employees overtime but used the term "bonus" as subterfuge to mislead Employees as to their right to receive overtime for work in excess of forty (40) hours in one week.

47. Plaintiff Cohen worked in excess of forty (40) hours in various work weeks for which he was not paid overtime after August 5, 2019,  including, *inter alia*, the week ending November 10, 2019 during which he worked forty-eight and three quarter (48.75) hours and for which he was paid at straight time for all hours worked; for the week ending November 24, 2019, Plaintiff Cohen worked forty-seven and one quarter (47.25) hours for which he was paid at straight time for all hours worked; and for the week ending January 12, 2020, Plaintiff Cohen worked sixty (60) hours for which he was paid at straight time for all hours worked.

48. Some Employees in Minneapolis routinely work around sixty (60) hours per week, but do not receive a "bonus" or any overtime pay for work over forty (40) hours. On information and belief, other Employees in Minneapolis, and other Employees at Defendants' other document review facilities nationwide worked similar hours and did not receive overtime pay or a "bonus."

49. On information and belief, except for work performed on projects for which a particular client of Defendants authorized the payment of time and one-half as a pass through cost, Defendants pay Employees at straight time for all hours worked in excess of forty (40) hours in one week at all of Defendants' document review facilities nationwide.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff re-alleges and incorporates by reference the above forty-nine (49) paragraphs of this Complaint as if fully set forth *in haec verba.*

51. Plaintiff Cohen and similarly situated Document Review Employees may use their company identification numbers to work at Defendants' document review facilities in different states.

52. Plaintiff and similarly situated Document Review Employees in different states work on many of the same document review projects, under common supervision and training from Defendants.

53. Plaintiff Cohen has worked on document review projects with document reviewers and/or project managers working from Defendants' facilities in Chicago, Illinois, Cleveland, Ohio, Detroit, Michigan, Raleigh, North Carolina, St. Petersburg, Florida and Washington, D.C.

54. Plaintiff Bruce C. Cohen brings this action individually and on behalf of all others similarly situated Employees pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work(ed) as document reviewers for Defendants.

55. The proposed collective class is defined as follows:

All persons who worked for Defendants as document reviewers or positions with similar job titles and/or duties at any of Defendants' document review offices in the United States of America or remotely from their homes who were denied overtime compensation and/or were classified by

Defendants as exempt from the overtime requirements of the FLSA at any time on or after August 5, 2019 (hereinafter referred to as the "FLSA Collective" or "Plaintiffs").

56. Plaintiff consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and his consent form is attached as Attachment A. As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

57. Plaintiff and the FLSA Collective are or were employed by Defendants within the meaning of the FLSA.

58. Defendants are and were aware of the FLSA's overtime requirements (see Attachment B).

59. Defendants improperly classified hourly wage workers, Plaintiff and the FLSA Collective, as exempt from the FLSA's overtime pay requirements.

60. Plaintiff and the FLSA Collective routinely worked over forty (40) and up to sixty (60) hours in a work week and were not compensated by Defendants with overtime pay for the overtime hours they worked unless Defendants' client underwrote the costs of overtime.

61. Defendants were both aware of and authorized this overtime work.

62. Defendants are and were aware that Plaintiff and the FLSA Collective worked under these conditions. Despite that knowledge, Defendants denied Plaintiffs overtime compensation.

63. Defendants are not authorized to provide professional legal services at any facility where they provide document review services.

64. The document review work performed by Plaintiff and the FLSA Collective does not constitute professional legal services which may be exempt from the FLSA's overtime requirements.

65. Plaintiff and the FLSA Collective are, and were, non-exempt employees and therefore eligible to receive overtime pay.

66. Defendants' unlawful conduct is repetitive and consistent, affecting Plaintiff and the FLSA Collective.

67. Defendants' conduct is willful and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective. Defendants are and were aware that Plaintiff and the FLSA Collective performed non-exempt work that required overtime pay.

68. Plaintiff Cohen sent a collective written notice and demand for payment of unpaid overtime pay on Plaintiffs' behalf to Defendants on or about December 1, 2019, a copy of which is attached and incorporated by reference herein for all purposes as Attachment D.

69. On or about December 4, 2019, Michael Flanagan, a manager for Defendant CS and general counsel for Defendant Consilio, acknowledged receipt of Plaintiffs' demand letter.

70. Following the acknowledgment of Plaintiffs' demand letter, Defendants reaffirmed the NOP on or about December 20, 2019 by email from Olivea Moore which states in part, "You are allowed to work on [Project 1][2] on weekends. You are also allowed to work 60 hours a week at straight time…." A copy of this email is attached and incorporated herein by reference for all purposes as Attachment E.

---

[2]    Defendants' customer name is redacted and will be provided under confidentiality procedures.

71. Defendants reaffirmed the NOP again on or about January 22, 2020 in an email job offer from its employee, Edileno Roman, which states in part, "Consilio is staffing a project in our MN office starting on Monday, 1/27. We anticipate this project will be 2-3 weeks, at up to 60 hours a week paid at a straight time rate of $24." A copy of the email from Roman is attached and incorporated herein by reference for all purposes as Attachment F.

72. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective.

73. Notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendants who have been denied compensation in violation of the FLSA and would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## STATE LAW OVERTIME CLASS ACTION ALLEGATIONS

74. Excluding any references to FLSA, Plaintiff, individually and on behalf of the proposed Minnesota Overtime Rule 23 Class ("Rule 23 OT Class"), re-alleges and incorporates by reference herein paragraphs six (6) through forty-nine (49) and paragraphs sixty-eight (68) to seventy-one (71) of this Complaint as if fully set forth *in haec verba.*

75. Plaintiff and the Rule 23 OT Class are or were employed by Defendants within the meaning of the MOS and other Minnesota Wage Payment statutes.

76. Defendants improperly classified Plaintiff and the Rule 23 OT Class as exempt from the MOS overtime pay requirements.

77. Plaintiff and the Rule 23 OT Class routinely worked over forty (40) and up to sixty (60) hours in a workweek and were not compensated by Defendants with overtime pay for the overtime hours they worked unless a client underwrote the costs of overtime.

78. Defendants were both aware of and authorized this overtime work.

79. Defendants are and were aware that Plaintiff and the Rule 23 OT Class worked under these conditions. Despite that knowledge, Defendants denied Plaintiffs overtime compensation.

80. Plaintiff and the Rule 23 OT Class are, and were, non-exempt employees and therefore eligible to receive overtime pay under Minnesota law.

81. Defendants' unlawful conduct is repetitious and consistent, affecting Plaintiff and the Rule 23 OT Class.

82. Defendants' conduct is willful and in bad faith and has caused significant damages to Plaintiff and the Rule 23 OT Class. Defendants are and were aware that Plaintiff and the Rule 23 OT Class performed work that required overtime pay.

83. Defendants are and were aware of the FLSA's and MOS' overtime payment requirements.

84. Plaintiff Cohen sent a written notice and a demand for payment of unpaid overtime pay on Plaintiffs' behalves to Defendants on or about December 1, 2019, a copy of which is attached and incorporated herein by reference for all purposes as Attachment D.

85. On or about December 4, 2019, Michael Flanagan, a manager for Defendant CS and general counsel for Defendant Consilio, acknowledged receipt of Plaintiffs' demand letter.

86. Defendants are liable under the MOS and other Minnesota Wage laws for failing to properly compensate Plaintiff and the Rule 23 OT Class.

87. Notice of this action should be sent to the Rule 23 OT Class. There are numerous similarly situated current and former employees of Defendants who have been denied appropriate compensation in violation of the FLSA and MOS, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

88. Plaintiff Cohen brings Counts IV, V and VI individually and as a class action for the Rule 23 OT Class pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed Rule 23 OT Class is defined as:

All persons who worked for Defendants as document reviewers or positions with similar job titles and/or duties at Defendants' Minnesota office or at their residences who were denied overtime compensation and/or were classified as exempt from overtime pay requirements under the FLSA and/or Minnesota state law at any time on or after August 5, 2019 ("Rule 23 OT Class").

89. The persons in the proposed Rule 23 OT Class are so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, upon information and belief, Defendants have employed more than sixty five (65) individuals as document reviewers in the Minneapolis office or at their home residences during the applicable limitations period. Plaintiff and the proposed Rule 23 OT Class have been similarly affected by Defendants' violations of law.

90. There are questions of law and fact common to the proposed Rule 23 OT Class that predominate over any questions solely affecting individual members of the proposed Class, including but not limited to:

a. whether Defendants failed and/or refused to pay the proposed Rule 23 OT Class overtime pay for hours worked in excess of forty (40) hours per workweek in violation of the FLSA, and forty-eight (48) hours per workweek in violation of the Minnesota Overtime Statute (hereinafter referred to as "MOS"), Minn. Statutes §177.25 or any unpaid wages for overtime under Minn. Statutes §181.101;

b. the proper measure of damages sustained by the proposed Rule 23 OT Class.

91. Plaintiff Cohen's claims are typical of those of the proposed Rule 23 OT Class. Plaintiff, like the other proposed Rule 23 OT Class members, was subject to Defendants' unlawful pay practices, resulting in their failure to compensate them for all hours worked.

92. Plaintiff Cohen will fairly and adequately protect the interests of the proposed Rule 23 OT Class, and has experience as counsel in complex wage and hour class action litigation and additionally retained experienced litigation counsel.

93. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A) because prosecuting separate actions by individual class members would create a risk of inconsistent or

varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants.

94. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because questions of law or fact predominate over any questions affecting individual class members, and a class action is superior to other methods in order to ensure a fair and efficient adjudication of this controversy because, in the context of wage and hour litigation, individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies and practices. There do not appear to be any difficulties in managing this class action.

95. Plaintiff Bruce C. Cohen intends to send notice to the proposed Rule 23 OT Class to the extent required by Fed. R. Civ. P. 23(c).

## COUNT I

### *FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME*
**(On Behalf of Plaintiff Bruce C. Cohen and the FLSA Collective)**

96. Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference paragraphs one (1) through seventy-three (73) as if fully set forth *in haec verba.*

97. The FLSA requires covered employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

98. Defendant Consilio Services, LLC ("Defendant CS") and Defendant Consilio, LLC ("Defendant Consilio", and collectively "Defendants") are each an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

99. Plaintiff and the FLSA Collective are non-exempt covered employees. 29 U.S.C. § 203(e)(1).

100. Plaintiff and the FLSA Collective have worked more than forty hours (40) per week for Defendants in one or more weeks on or after August 5, 2019 ("Overtime Period").

101. Defendants have not properly compensated Plaintiff or the FLSA Collective for their overtime hours as required by the FLSA during the Overtime Period.

102. Defendants failed to make a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective during the Overtime Period.

103. Defendants knew Plaintiff and the FLSA Collective worked overtime without proper compensation during the Overtime Period, and Defendants willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates.

104. Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked during the Overtime Period violates FLSA. 29 U.S.C. § 207.

105. At all times relevant to the Complaint, Defendants have sold, transferred, electronically conveyed, or otherwise delivered coded documents which were prepared using Plaintiffs' unpaid overtime labor which are goods within the meaning of 29 U.S.C. § 215 to its customers and/or clients.

105. Defendants' actions of selling, transferring, electronically conveying or otherwise delivering coded documents which were prepared using Plaintiffs' unpaid overtime labor violates 29 U.S.C. § 215.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs request a **JURY TRIAL** on his claims and judgment against Defendants as follows:

A) For an award of compensatory relief and damages arising from Defendants' failure to pay Plaintiff and the FLSA Collective for Plaintiffs' unpaid overtime wages at the applicable overtime rate for each hour worked over forty (40) in one work week;

B) For judgment against Defendants that their violations of the FLSA were willful;

C) For judgment against Defendants for an equal amount to the Plaintiffs' wage damages as liquidated damages;

D) For and to the extent that liquidated damages are not awarded, an award of prejudgment interest;

E) For Plaintiff's costs, disbursements, and attorneys' fees pursuant to law;

F) For leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

G) For such other and further legal and equitable relief as the Court deems just and proper.

## COUNT II

## UNAUTHORIZED PRACTICE OF LAW

**(On behalf of Plaintiff Bruce C. Cohen and Rule 23 Licensed Attorney Class)**

106. Plaintiff Bruce C. Cohen brings this action, individually, and as a private attorney general, and further, on behalf of the Rule 23 Minnesota Licensed Attorney Class ("Rule 23 MLA Class") ("Plaintiffs") pursuant to the Minnesota Unauthorized Practice of Law Statute, Minnesota Statutes Section 481.02, the Minnesota Private Attorney General Statute, Minnesota Statutes Section 8.31 et. seq., and the Minnesota Professional Firms Act ("MPFA"), Minnesota Statutes Chapter 319B.  The Court has supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367.

107. Plaintiff Cohen is an individual who resides in Faribault, Minnesota and is employed by Defendants Consilio, LLC and Consilio Services, LLC ("Employer") at Defendants' business office in Minneapolis, Minnesota, and at Plaintiff's home in Faribault, Minnesota, within the jurisdiction and venue of this Court.

## THE RULE 23 LICENSED ATTORNEY CLASS

108. Plaintiff Cohen brings Count II individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The proposed Rule 23 Minnesota Licensed Attorney Class ("Rule 23 MLA Class") is defined as:

> All licensed attorneys who worked for Defendants as document reviewers or positions with similar job titles and/or duties at Defendants' Minnesota office or from their homes in Minnesota at any time on or after August 5, 2019.

109. The persons in the proposed Rule 23 MLA Class are so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, upon information and belief, Defendants generally employ around sixty five (65) licensed attorneys as document reviewers at any given time in the Minneapolis office or their homes on or after August 5, 2019, and have the office capacity to employ about ninety (90) at full capacity.  Plaintiff and

the proposed Rule 23 MLA Class have been similarly affected by Defendants' position that such employees are actively engaged in the practice of law.

110. There are questions of law and fact common to the proposed Rule 23 MLA Class that predominate over any questions solely affecting individual members of the proposed Class, including but not limited to:

a. whether licensed attorneys improperly split attorney fees or profits with non-attorneys, including Defendants' non-attorneys that have financial interests in Defendants, or Defendants' parent company that entirely owns Defendants and are predominantly owned by non-attorneys;

b. whether Defendants improperly formed an association of attorneys and non-attorneys for the purposes of engaging in the practice of law for profit;

c. whether the governance of Defendants in the practice of law is under the control and direction of non-attorneys;

111. Plaintiff, like all of the proposed Rule 23 MLA Class, is subject to similar disciplinary actions and sanctions by the Minnesota Supreme Court through the Minnesota **Board of Professional Responsibility** for engaging in unauthorized practice of law and also subject to misdemeanor charges for engaging in the practice of law with Defendants because Defendants failed to comply with registration requirements of the Minnesota Professional Firms Act, Minnesota Statute Chapter 319B and the reporting requirements of the Board of Professional Responsibility.

112. Plaintiff Cohen will fairly and adequately protect the interests of the proposed Rule 23 LA Class, with over thirty-five years of experience as a licensed attorney, including significant experience in labor and employment litigation.  Plaintiff counsel's firm has experience in litigation and associated with counsel with experience in class action litigation.

113. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(1)(A) because prosecuting separate actions by individual class members would create a risk of inconsistent or

varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendants.

114. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because common questions of law or fact predominate over questions affecting individual class members.  A class action is superior to other methods to ensure a fair and efficient adjudication of this controversy in the context of agency and professional licensure.  Individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against large corporate defendants. Class litigation also is superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendant's policies and practices. There do not appear to be any difficulties in managing this class action.

115. Plaintiff Bruce C. Cohen intends to send notice to the proposed Rule 23 MLA Class to the extent required by Fed. R. Civ. P. 23(c).

116.  Plaintiff, individually, and the Rule 23 LA Class, re-allege and incorporate by reference herein paragraphs seven (7) through fourteen (14), seventeen and eighteen (17-18), twenty (20) through (24), twenty-seven (27) through forty-seven (47) and fifty-eight (58) of this Complaint as if fully set forth *in haec verba.*

117. Plaintiff Cohen and the Rule 23 MLA Class ("Plaintiffs") are all licensed attorneys.

118. Professional employees who are paid a salary are exempt from the overtime requirements of the FLSA.  It is undisputed at Plaintiffs are not salaried employees.  Attorneys who are not paid a salary may be exempt from the overtime requirements of the FLSA if they are actively engaged in the practice of law within the meaning of 29 CFR §541.304(a)(1)e.

119.  Since on or about August 5, 2019, Employer has failed and refused to pay overtime wages to Plaintiffs for work performed over forty (40) hours in one work week (unless such overtime payments are a pass along cost paid by a customer) on the stated grounds that Plaintiffs are actively engaged in the practice of law.

120. Plaintiffs' document review work is within the scope of their employment and in furtherance of the interests of Defendants. Defendants thereby are actively engaged in the practice of law.

## PER SE VIOLATIONS OF MINNESOTA PROFESSIONAL FIRMS ACT

121.  Minnesota has a comprehensive legislative and regulatory scheme to protect the public by regulating businesses that are engaged in the practice of law.

122. Minnesota Statutes Chapter 481, Attorneys-At-Law, generally governs the practice of law in Minnesota. Section 481.02, Subd. 2 limits the practice of law by a business entity to those professional firms "organized under Chapter 319B."  A business entity not organized and registered under Chapter 319B is prohibited from practicing law either through its officers or employees. The unauthorized practice of law under this section includes giving or assuming "to give legal advice or counsel or perform for or furnish to another person or corporation legal services."

123.  Under the Minnesota Professional Firms Act ("MPFA"), Minnesota Statutes Chapter 319B, Section 319B.02, Subd. 19, "Professional Services" include "services of the type required or permitted to be furnished by a professional under a license, registration, or certificate issued by the state of Minnesota to practice... law under sections 481.01 to 481.17, or under a license or certificate issued by another state under similar laws."

124.  Under the MPFA sections 319B.02, Subd. 3(2) and 319B.04, a foreign limited liability company ("FLLC"), such as Defendants, must obtain a certificate of authority from the Minnesota Secretary of State before, engaging in any professional legal services. To obtain a certificate of authority, a FLLC, *inter alia*, must "(1) state that the firm elects to operate under sections 319B.01 to 319B.12; (2) acknowledge that the firm is subject to those sections…."

125.  To provide professional legal services in Minnesota, in addition to filing for a certificate of authority with the Minnesota Secretary of State, a FLLC also must register with the Minnesota

Board of Professional Responsibility by filing an organizational document and annual reports under MPFA Sections 319B.11, Subd. 3 and 4.

126.  Defendant Consilio Services, LLC is registered with the Minnesota Secretary of State as a general FLCC under Minnesota Statutes Chapter 322C.

127.  Defendant Consilio Services, LLC has not filed for nor has it received a certificate of authority to operate under the MPFA with the Minnesota Secretary of State. Defendant's failure to obtain the certificate and failure to make the election to provide legal services in Minnesota are *per se* violations of the MPFA.

128.  Defendant Consilio Services, LLC has not filed organizational documents, initial report or annual reports with the Minnesota Board of Professional Responsibility. Defendant's failure file the organizational documents or annual reports are *per se* violations of the MPFA.

129.  Defendant Consilio, LLC is not registered with the Minnesota Secretary of State. Defendant Consilio, LLC has not filed for nor has it received a certificate of authority and statement that it elects to operate under the MPFA with the Minnesota Secretary of State. Defendant's failure to provide the certificate and election prior to providing legal services in Minnesota are *per se* violations of the MPFA.

130. Defendant Consilio, LLC has not filed organizational documents, the initial report or annual reports with the Minnesota Board of Professional Responsibility.  Defendant's failure to file the organizational documents or reports are *per se* violations of the MPFA.

131. Defendants' failure to obtain certificates of authority and properly to register with the Minnesota Board of Professional Responsibility prior to providing legal services in Minnesota are *per se* violations of Minnesota Statutes Section 481.02, Subd. 2.

132. Defendants' *per se* violations of Minnesota's detailed legislative and regulatory scheme governing the practice of law place Plaintiffs at risk for professional disciplinary actions and

misdemeanor charges by engaging in the unauthorized practice of law, thereby causing injury to Plaintiffs.

## VIOLATIONS OF MINNESOTA RULES OF PROFESSIONAL CONDUCT

133. Defendant CS is governed by a group of three managers, Andrew D. Macdonald, Jeff Sheu and Michael F. Flanagan.  Defendant CS' Managers Macdonald and Sheu are not attorneys.

134. Defendant Consilio, LLC also has the same three same managers on its Board of Directors: Andrew D. Macdonald, Jeff Sheu and Michael Flanagan. Managers Macdonald and Sheu are not attorneys.

135. Defendant Consilio, LLC is owned by GI Partners through one or more majority owned subsidiaries including, but not necessarily limited to, GI Revelation Acquisition LLC and/or GI Consilio Acquisition LLC. GI Partners is a private investment business entity for pecuniary profit with a diverse investment portfolio of entities that are not engaged in the practice of law, including, *inter alia,* software (MRI Real Estate Software; Together Work), healthcare (Netsmart), insurance (Insurity) and wine (Duckhorn Wine Company; Far Niente). GI Partners announced on or about April 17, 2018 that it acquired Defendants.  See "GI Partners Announces Completion of Consilio Acquisition And Merger With Advanced Discovery."[3]   A copy of the press release is attached and incorporated herein by reference for all purposes as Attachment G. Defendant Consilio, LLC Manager and Board member Jeff Sheu is a Managing Director at GI Partners.  See GI Partners biography which is attached and incorporated herein by reference for all purposes as Attachment H. Sheu is not an attorney.

136. A Minnesota PLLC "may not conduct any other business or provide any other services beyond those authorized in this subdivision, either within or outside of Minnesota" under Minnesota

---

[3]
https://www.gipartners.com/news/gi-partners-announces-completion-of-consilio-acquisition-and-merger-with-advanced-discovery

Statutes Chapter 319B and as a result, GI Partners cannot qualify as a PLLC without divesting its other businesses.

137. GI Partners and its subsidiaries GI Revelation Acquisition LLC and GI Consilio Acquisition LLC are not registered in any manner with the Minnesota Secretary of State or the Minnesota Board of Professional Responsibility.

138. GI Partners and its subsidiaries GI Revelation Acquisition LLC and GI Consilio Acquisition LLC cannot hold an ownership interest in a Minnesota PLLC and in this case, Defendants' unregistered PLLCs.

139. Minnesota Rules of Professional Conduct Rule 5.4 provide in relevant part: "Rule 5.4. Professional independence of a lawyer. (a) A lawyer or law firm shall not share legal fees with a nonlawyer…."

140. Defendants bill and collect from their clients for work performed by Plaintiffs that it admits are engaging in the practice of law. Defendants' failure to each properly register as a PLLC under Minnesota Statutes Chapter 319B places Plaintiffs at risk of charges of improperly sharing attorney fees with non-lawyers in violation of Minnesota Rules of Professional Conduct Rule 5.4(a), thus causing injury to Plaintiffs.

141. Minnesota Rules of Professional Conduct 5.4 further provides in relevant part:

"(d) A lawyer shall not practice with or in the form of a professional corporation or association authorized to practice law for a profit, if:
(1) a nonlawyer owns any interest therein, …;

(2) a nonlawyer possesses governance authority, unless permitted by the Minnesota Professional Firms Act; or

(3) a nonlawyer has the right to direct or control the professional judgment of a lawyer."

142. Defendants' failure to each properly register as a PLLC under Minnesota Statutes Chapter 319B place Plaintiffs at risk of charges of practicing law with Defendants whose managers include

nonlawyers in violation of Minnesota Rules of Professional Conduct Rule 5.4(d), thus causing injury to Plaintiffs.

143. Defendants' failure to each properly register as a PLLC under Minnesota Statutes Chapter 319B while Plaintiffs work under the direction and control of Defendants' nonlawyer Managers Macdonald and Sheu place Plaintiffs at risk of several charges such as failure to exercise independent judgment in violation of Minnesota Rules of Professional Conduct 5.4(d)(2) and (3), thus causing injury to Plaintiffs.

## THE PUBLIC INTEREST

144.  Defendants' *per se* violations of the Minnesota's detailed legislative and regulatory scheme to govern the practice of law necessarily harms the public.  The legislative and regulatory scheme protects the public from individuals or entities that present themselves to the public as duly authorized to engage in the practice of law but may not be properly educated, trained, licensed, registered, in good standing, or adhering to the Rules of Professional Conduct for Lawyers.  Public confidence in the administration of justice and operation of the courts is eroded when the public believes that foreign entities can engage in the practice of law but fail to register with the Minnesota Secretary of State under the Minnesota Professional Firms Act and in not so registering, avoid oversight and enforce of statutes and regulations that govern the practice of law by the Minnesota Secretary of State, Minnesota State Board of Professional Responsibility for Lawyers, and the Minnesota State Board of Law Examiners.

145.  This litigation additionally protects the public, including domestic PLLCs that are duly registered, from foreign entities such as Defendants that are not duly registered.  A PLLC not duly registered may not be paying its fair share of applicable franchise and other taxes and fees, not filing annual reports and not comply with other regulatory requirements, which gives such PLLCs an unfair competitive and financial advantage over duly registered PLLCs. This litigation additionally protects the public from foreign entities, including Defendant Consilio LLC, that does not maintain a registered

agent for service of process, yet receive the benefits of doing business in Minnesota, including access to Minnesota courts.

146. The public is injured daily by Defendants' unauthorized practice of law, which is widespread.  On information and belief, Defendants are engaged in the unauthorized practice of law by offering and in fact engaging in the unauthorized practice of law by providing legal services, including document review, for hundreds of clients at the Minnesota offices and thousands of clients at other offices in the United States and internationally.  About sixty-five (65) employees in Minnesota and the lion's share of Defendants 2,500 employees, which are document reviewers, are daily engaged in the unauthorized practice of law.

147.    Defendants are required to be and so represented to Plaintiffs and the public, that as an entity organized for pecuniary profit to perform or furnish to another person or corporation legal services, and further, as foreign limited liability companies engaged in the practice of law, that Defendants are duly registered as a professional firm pursuant to MS 319B with the Minnesota Secretary of State, are compliant with requirements of the Minnesota Rules of Professional Conduct for Lawyers, and additionally, are compliant with reporting and other requirements of the Minnesota Board of Professional Responsibility.  Defendants actions and representations are per se violations of the various registrations requirements and are violations in reporting and other compliance requirements, are causally connected to Plaintiffs, including reasonably inducing Plaintiffs into believing and relying on Defendants' actions and representations, and for Plaintiffs to participate in the unauthorized practice of law with Defendants as nonlawyers, and are a direct and/or proximate result of Plaintiffs injuries and damages, including special damages for injury to personal and professional reputations as lawyers and officers of the court, and additional special damages by subjecting Plaintiffs to sanctions for engaging in the unauthorized practice of law, all to be proved with further specificity at trial.  Defendants foregoing actions injury Plaintiffs and the public.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request a **JURY TRIAL** on their claims and judgment against Defendants as follows:

1) An order enjoining Defendants from engaging in any legal services in Minnesota until Defendants are properly registered with the Minnesota Secretary of State and comply with the requirements of the Minnesota Board of Professional Responsibility.

2) Judgment and order for equitable restitution for Defendants to disgorge all fees collected from Defendants' clients and earned through Plaintiffs' services in Minnesota to Defendants, returning said fees to Plaintiffs and class members in accordance with time billed.

3) Award special damages to Plaintiffs for injury to personal and professional reputations as lawyers and officers of the court.

4).  Award additional special damages to Plaintiffs for costs and expenses, including reasonable attorney fees to defend any action against Plaintiffs for allegedly engaging in the unauthorized practice of law.

5) For Plaintiffs' reasonable costs and attorneys' fees incurred in this action.

6) For such other further relief as to the Court seems just and proper.

## COUNT III

### *PETITION FOR DECLARATORY JUDGMENT UNDER DELAWARE LAW*
### *AGAINST DEFENDANT CONSILIO SERVICES, LLC*
### (On behalf of Plaintiff Bruce C. Cohen)

148. Plaintiff Bruce C. Cohen brings this Count III pursuant to 28 U.S.C Section 2201, and

additionally pursuant to 10 Del. C. §6501 et seq. and Delaware Professional Service Corporation Act, 8

Del. C. 1953 §601 et seq. The Court has additional supplemental jurisdiction over this state law claim

pursuant to 28 U.S.C. § 1367.

149. Plaintiff is an individual who resides in Faribault, Minnesota and is employed by

Defendant Consilio Services, LLC at Defendant's business office in Minneapolis, Minnesota, and at

Plaintiff's home in Faribault, Minnesota, within the jurisdiction and venue of this Court.

150. Defendant Consilio Services, LLC (hereinafter referred to as "Defendant CS" or

"Employer") is a general Delaware limited liability company. It has three managers, Andrew D.

Macdonald, Jeff Sheu and Michael F. Flanagan.

151. Defendant CS is not a professional service corporation ("PSC") authorized to provide legal

services under the Delaware Professional Service Corporation Act, 8 Del. C. 1953 §601 et seq.

152. Defendant CS does not include any words describing professional services in its name.

153. Plaintiff is a Defendant CS employee who performs document review services for

Employer in Minneapolis, Minnesota and at his home in Faribault, Minnesota. Plaintiff is an hourly

wage worker.

154. Plaintiff and Employer are subject to the Fair Labor Standard Act (hereinafter referred to

as "FLSA"), 29 U.S.C. § 201 et seq.

155. Hourly wage earners generally are entitled to time and one half wages for overtime work

performed in excess of forty (40) hours in one work week under the FLSA.

156. Professional employees who are paid a salary are exempt from the overtime requirements of the FLSA.  Plaintiff is not a salaried employee.  Attorneys who are not paid a salary but who are actively engaged in the practice of law within the meaning of 29 CFR §541.304(a)(1) may be exempt from the overtime requirements of the FLSA.

157. Since on or about August 5, 2019, Employer has failed and refused to pay overtime wages to Plaintiff for work performed over forty (40) hours in one work week, unless such overtime payments are a pass along cost paid by a customer.

158. Plaintiff Cohen worked in excess of forty (40) hours in various work weeks for which he was not paid overtime after August 5, 2019,  including, *inter alia,* the week ending November 10, 2019 during which he worked forty-eight and three quarter (48.75) hours and for which he was paid at straight time for all hours worked; for the week ending November 24, 2019, Plaintiff Cohen worked forty-seven and one quarter (47.25) hours and for which he was paid at straight time for all hours worked; and for the week ending January 12, 2020, Plaintiff Cohen worked sixty (60) hours and for which he was paid at straight time for all hours worked.

159. It is undisputed that Plaintiff is not paid a salary.  Employer claims that Plaintiff is actively engaged in the practice of law within the meaning of 29 CFR §541.304(a)(1) in refusing to pay Plaintiff overtime under the FLSA.

160. Under the Delaware Professional Service Corporation Act, 8 Del. C. 1953, § 603, the term "professional services" include services provided by attorneys "who are duly licensed or otherwise legally authorized to render such professional services within this State" under § 607.

161. Plaintiff is not licensed or otherwise legally authorized to practice law in Delaware.

162. Employer's position that Plaintiff is actively engaged in the practice of law when the Employer itself is not authorized to engage in the practice of law constitutes the unauthorized practice of law in Delaware and places Plaintiff at risk of complaints and charges of engaging in the unauthorized practice of law in Delaware, thereby causing injury to Plaintiff.

163. Employer's Managers Macdonald and Sheu are not attorneys.

164. Defendant bills and collects fees from clients based on Plaintiff's work for Defendant.

165. Both Delaware and Minnesota Rules of Professional Conduct Rule 5.4 provide in relevant part: "Rule 5.4. Professional independence of a lawyer. (a) A lawyer or law firm shall not share legal fees with a nonlawyer…."

166. Employer's allegation that Plaintiff is actively engaged in the practice of law places Plaintiff at risk of charges of improperly sharing attorney fees with non-lawyers in violation of both Delaware and Minnesota Rules of Professional Conduct Rule 5.4(a), thereby causing injury to Plaintiff.

167. Delaware Rules of Professional Conduct Rule 5.4 further provides in relevant part:

> (d) A lawyer shall not practice with or in the form of a professional corporation or association authorized to practice law for a profit, if:
> a nonlawyer owns any interests therein . . . ;
> a nonlawyer is a corporate director or officer thereof or occupies the position of similar responsibility in any form of association other than a corporation; or
> (3) a nonlawyer has the right to direct or control the professional judgment of a lawyer.

168. Minnesota Rules of Professional Conduct 5.4 similarly further provides in relevant   part:

> (d) A lawyer shall not practice with or in the form of a professional corporation or association authorized to practice law for a profit, if:
> (1) a nonlawyer owns any interest therein, …;
>
> (2) a nonlawyer possesses governance authority, unless permitted by the Minnesota Professional Firms Act; or
>
> (3) a nonlawyer has the right to direct or control the professional judgment of a lawyer.

169.  Employer's allegation that Plaintiff is actively engaged in the practice of law places Plaintiff at risk of charges of practicing law with Employer whose managers include nonlawyers in violation of Delaware and Minnesota Rules of Professional Conduct, thereby causing injury to Plaintiff.

170. Employer's allegation that Plaintiff is actively engaged in the practice of law while subject to the direction of Employer's nonlawyer Managers Macdonald and Sheu places Plaintiff at risk of

charges of not exercising his independent judgment in violation of Delaware Rules of Professional

Conduct 5.4(d)(3) and Minnesota Rules of Professional Conduct 5.4(d)(2) and (3), thereby causing

injury to Plaintiff.

171. Employer's reliance on its general Delaware Limited Liability Company registration status

to subsequently register as a Foreign Limited Liability Company in other states, including Minnesota,

places Employees in those states at risk of complaints and charges of the unauthorized practice of law,

thereby causing injury to Plaintiff.

172. Plaintiff is not licensed to practice law in Minnesota.

173. At the time of filing of the instant Complaint, Plaintiff's document review work in

Minnesota is not supervised or reviewed by any licensed Minnesota attorney.

174. Employer's position that Plaintiff is actively engaged in the practice of law may subject

Plaintiff to charges of unauthorized practice of law in Minnesota, thereby causing injury to Plaintiff.

175. Like Delaware and Minnesota, all of the other forty-eight States and the District of

Columbia all have enacted Codes of Professional Conduct which prohibit licensed attorneys, *inter alia*,

from forming firms or associations with non-attorneys, working under the direction of non-attorneys, or

fee splitting with non-attorneys.[4]  Plaintiff faces potential criminal and/or disciplinary action from the

state supreme courts and/or bar associations in the other states where Defendant performs document

review work, thereby causing injury to Plaintiff.

176. Defendants are required to be and so represented to Plaintiffs and the public that as an

entity organized for pecuniary profit to perform or furnish to another person or corporation legal

services, and further, as foreign limited liability companies engaged in the practice of law, are duly

registered as a professional firm pursuant to Minnesota Statutes Chapter 319B with the Minnesota

---

4   See
generally  https://www.americanbar.org/groups/professional_responsibility/resources/links_of
_interest/#States

Secretary of State, are compliant with requirements of the Minnesota Rules of Professional Conduct for Lawyers, and additionally compliant with reporting and other requirements of the Minnesota Board of Professional Responsibility.  Defendants actions and representations are per se violations of the various registrations requirements and violations in reporting and other compliance requirements, are causally connected to Plaintiff including reasonably inducing Plaintiff into believing and relying on Defendants' actions and representations to participate in the unauthorized practice of law with Defendants as nonlawyers, and are a direct and/or proximate result of Plaintiffs injuries and damages, including special damages for injury to personal and professional reputations as lawyers and officers of the court, and additional special damages by subjecting Plaintiffs to sanctions for engaging in the unauthorized practice of law, all to be proved with further specificity at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request judgment against Defendant Consilio Services, LLC as follows**:**

 A) Declaring against Defendant Consilio Services, LLC that:

    1) It is a Delaware Limited Liability Company;

    2) It is not a Delaware Professional Service Corporation, and as an entity, is not authorized to provide legal services and cannot share legal fees with its attorney employees;

    3) Plaintiff and other attorneys employed as document reviewers are not authorized to perform any legal services on behalf of Defendant Consilio Services, LLC's clients;

    4) Plaintiff cannot share legal fees with Defendant;

    5) Plaintiff cannot lawfully engage in the practice of law with Defendant;

B) Order Defendant Consilio Services, LLC to pay equitable restitution to Plaintiff and all of Defendant's affected attorney employees and disgorge all fees collected from Defendant's clients based on their document review work performed on behalf of Defendant.

C) An award of special damages for injury to personal and professional reputations as lawyers and officers of the court, and additional costs and expenses in attorney fees to defend any action against Plaintiffs for engaging in the unauthorized practice of law

D)  For Plaintiff's costs, disbursements, and attorneys' fees pursuant to law;

E) For such other and further legal and equitable relief as the Court deems just and proper.

## COUNT IV

**PETITION FOR DECLARATORY JUDGMENT UNDER VIRGINIA LAW
AGAINST DEFENDANT CONSILIO, LLC
(On behalf of Plaintiff Bruce C. Cohen)**

177. Plaintiff Bruce C. Cohen brings this action pursuant to 28 U.S.C. 2201 and additionally pursuant to Virginia Statutes § 8.01-184, the Virginia Professional Limited Liability Company Act, Virginia Statutes § 13.1-1100 et seq., and Virginia Statutes § 54.1-3902. The Court has additional supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367.

178. Plaintiff is an individual who resides in Faribault, Minnesota and is employed by Defendant Consilio, LLC at Defendant's business office in Minneapolis, Minnesota, and at Plaintiff's home in Faribault, Minnesota, within the jurisdiction and venue of this Court.

179. Defendant Consilio, LLC (hereinafter referred to as "Defendant Consilio" or "Employer") is a Virginia limited liability company. It has three managers, Andrew D. Macdonald, Jeff Sheu and Michael Flanagan. Jeff Sheu also sits on Defendant's Board of Directors.

180. Defendant Consilio, LLC is owned by GI Partners through one or more majority owned subsidiaries including, but not necessarily limited to GI Revelation Acquisition LLC and/or GI Consilio Acquisition LLC. GI Partners is a private investment business entity with a diverse investment portfolio including, *inter alia,* software (MRI Real Estate Software; Together Work), healthcare (Netsmart), insurance (Insurity) and wine (Duckhorn Wine Company; Far Niente).  See GI Partners website announcement dated April 17, 2018, titled "**GI Partners Announces Completion Of Consilio Acquisition And Merger With Advanced Discovery",** a copy of which is attached (with URL address) and incorporated herein by reference for all purposes as Attachment G.  Defendant Consilio, LLC Manager and Board member Jeff Sheu is a Managing Director at GI Partners (see GI Partners biography which is attached and incorporated herein by reference for all purposes as Attachment H).

181. GI Partners is not a Virginia domestic or foreign corporation, limited liability company, or a registered limited liability partnership under Virginia Statutes § 50-73.132.  It does not have a professional corporation, limited liability company or limited liability partnership registration certificate from the Virginia State Bar pursuant to Virginia Statutes § 54.1-3902. and is not authorized to provide legal services.

182. Defendant Consilio is not a professional limited liability company authorized to provide legal services under the Virginia Professional Limited Liability Company Act, Virginia Statutes § 13.1-1100 et seq. and Virginia Statutes § 54.1-3902. It does not have a professional limited liability company registration certificate from the Virginia State Bar.

183. Defendant Consilio engages in businesses other than document review. A Virginia Professional Limited Liability Company cannot engage in any business except professional services.

184. Plaintiff is an hourly wage worker.

185. Plaintiff and Employer are subject to the Fair Labor Standard Act (hereinafter referred to as "FLSA"), 29 U.S.C. § 201 et seq.

186. Hourly wage earners generally are entitled to time and one half their wages for overtime work performed in excess of forty (40) hours in one work week under the FLSA.

187. Professional employees who are paid a salary are exempt from the overtime requirements of the FLSA.  Plaintiff is not a salaried employee.  Attorneys who are not paid a salary but who are actively engaged in the practice of law within the meaning of 29 CFR §541.304(a)(1) may be exempt from the overtime requirements of the FLSA.

188. Since on or about August 5, 2019, Employer has failed and refused to pay overtime wages to Plaintiff for work performed over forty (40) hours in one work week, unless such overtime payments are a pass along cost paid by a customer.

189. Plaintiff Cohen worked in excess of forty (40) hours in various work weeks for which he was not paid overtime after August 5, 2019,  including, *inter alia*, the week ending November 10, 2019

during which he worked forty-eight and three quarter (48.75) hours and for which he was paid at straight time for all hours worked; for the week ending November 24, 2019, Plaintiff Cohen worked forty-seven and one quarter (47.25) hours and for which he was paid at straight time for all hours worked; and for the week ending January 12, 2020, Plaintiff Cohen worked sixty (60) hours and for which he was paid at straight time for all hours worked.

190. Since Plaintiff is not paid a salary, Employer takes the position that he is actively engaged in the practice of law to avoid paying overtime under the FLSA.

191. Under Virginia Professional Limited Liability Company Act, Virginia Statutes § 13.1-1102(a), the term "professional services" includes services provided by attorneys "who are duly licensed or otherwise legally authorized to render those professional services" in Virginia under § 1107.

192. Plaintiff is not licensed or otherwise authorized to practice law in Virginia.

193. Employer's position that Plaintiff is actively engaged in the practice of law when the Employer itself is not authorized to engage in the practice of law constitutes the unauthorized practice of law in Virginia and places Plaintiff at risk of complaints and charges of engaging in the unauthorized practice of law in Virginia, thereby causing injury to Plaintiff.

194. Employer's Managers Macdonald and Sheu are not attorneys.

195. Defendant bills and collects fees from clients based on Plaintiff's work for Defendant.

196. Virginia Rules of Professional Conduct Rule 5.4(a) (Virginia Code of Professional Responsibility-DR 3-102(A)(1)) and Minnesota Rules of Professional Conduct Rule 5.4(a) provide in relevant part: "Rule 5.4. Professional independence of a lawyer. (a) A lawyer or law firm shall not share legal fees with a nonlawyer…."

197. Employer's position that Plaintiff is actively engaged in the practice of law places Plaintiff at risk for charges of improperly sharing attorney fees with non-lawyers GI Partners and Defendant Consilio, LLC in violation of both Virginia and Minnesota Rules of Professional Conduct Rule 5.4(a), thereby causing injury to Plaintiff.

198. Virginia Rules of Professional Conduct Rule 5.4 (Virginia Code of Professional Responsibility-DR 5-106 (C)) further provides in relevant part:

"(d) A lawyer shall not practice with or in the form of a professional corporation or association authorized to practice law for a profit, if:
(1) a nonlawyer owns any interest therein, …;
(2) a nonlawyer is a corporate director or officer thereof or occupies the position of similar responsibility in any form of association other than a corporation; or
(3) a nonlawyer has the right to direct or control the professional judgment of a lawyer."

199. Minnesota Rules of Professional Conduct 5.4 similarly provides in relevant part:

"(d) A lawyer shall not practice with or in the form of a professional corporation or association authorized to practice law for a profit, if:
(1) a nonlawyer owns any interest therein, ...;

(2) a nonlawyer possesses governance authority, unless permitted by the Minnesota Professional Firms Act; or

(3) a nonlawyer has the right to direct or control the professional judgment of a lawyer."

200.  Employer's position that Plaintiff is actively engaged in the practice of law places Plaintiff at risk of charges of practicing law with Employer whose managers include nonlawyers in violation of Virginia Rules of Professional Conduct 5.4(d)(2), thereby causing injury to Plaintiff.

201. Employer's position that Plaintiff is actively engaged in the practice of law while subject to the direction of Employer's Managers Macdonald and Sheu places Plaintiff at risk for charges of not exercising his independent judgment in violation of Virginia Rules of Professional Conduct 5.4(d)(3) and Minnesota Rules of Professional Conduct 5.4(d)(2) and (3), thereby causing injury to Plaintiff.

202. Employer relies on its general Virginia Limited Liability Company registration status to subsequently register as a Foreign Limited Liability Company in other states including Minnesota, which places Employees in those states at risk for complaints and charges of the unauthorized practice of law, thereby causing injury to Plaintiff.

203. Plaintiff is not licensed to practice law in Minnesota.

204.  At the time of filing of the instant Complaint, Plaintiff's document review work in Minnesota is not supervised or reviewed by any licensed Minnesota attorney.

205. Employer's position that Plaintiff is actively engaged in the practice of law may subject Plaintiff to charges of unauthorized practice of law in Minnesota.

206. Like Virginia and Minnesota, all of the other forty-eight States and the District of Columbia all have enacted Codes of Professional Conduct which prohibit licensed attorneys, *inter alia*, from forming firms or associations with non-attorneys, working under the direction of non-attorneys, or fee splitting with non-attorneys.[5]  Plaintiff faces potential criminal and/or disciplinary action from the state supreme courts and/or bar associations in the other states where Defendant performs document review work, thereby causing injury to Plaintiff.

207.  Defendants are required to be and so represented to Plaintiffs and the public, that as an entity organized for pecuniary profit to perform or furnish to another person or corporation legal services, and further, as foreign limited liability companies engaged in the practice of law, that Defendants are duly registered as a professional firm pursuant to MS 319B with the Minnesota Secretary of State, are compliant with requirements of the Minnesota Rules of Professional Conduct for Lawyers, and additionally compliant with reporting and other requirements of the Minnesota Board of Professional Responsibility.  Defendants actions and representations are per se violations of the various registrations requirements and violations in reporting and other compliance requirements, are causally connected to Plaintiff including reasonably inducing Plaintiff into believing and relying on Defendants' actions and representations to participate in the unauthorized practice of law with Defendants as nonlawyers, and are a direct and/or proximate result of Plaintiffs injuries and damages, including special damages for injury to personal and professional reputations as lawyers and officers of the court, and additional special damages by subjecting Plaintiffs to sanctions for engaging in the unauthorized practice of law, all to be proved with further specificity at trial.

---

5  See generally https://www.americanbar.org/groups/professional_responsibility/resources/links_of_interest/#States

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs request judgment against Defendants Defendant Consilio LLC as follows**:**

A) Declaring against Defendant Consilio, LLC that:

     1) It is a Virginia Limited Liability Company;

     2) It is not a Virginia Professional Limited Liability Company authorized to provide legal services and as an entity, is not authorized to provide legal services and cannot share legal fees with its attorney employees;

     3) Plaintiff and other attorneys employed as document reviewers are not authorized to perform any legal services on behalf of Defendant Consilio, LLC's clients;

     4) Plaintiff cannot share legal fees with Defendant;

     5) Plaintiff cannot lawfully engage in the practice of law with Defendant;

B) Order Defendant Consilio, LLC to pay equitable restitution to Plaintiff and all of Defendant's affected attorney employees and disgorge all fees collected from Defendant's clients based on their document review work performed on behalf of Defendant.

C) Award special damages to Plaintiffs for injury to personal and professional reputations as lawyers and officers of the court.

D).  Award additional special damages to Plaintiff for costs and expenses, including reasonable attorney fees to defend any action against Plaintiffs for allegedly engaging in the unauthorized practice of law.

E)  For Plaintiff's costs, disbursements, and attorneys' fees pursuant to law;

F) For such other and further legal and equitable relief as the Court deems just and proper.

## COUNT V
## FAILURE TO PROVIDE NOTICE OF CHANGE IN OVERTIME ELIGIBILITY UNDER MINNESOTA WAGE THEFT ACT
### (On behalf of Plaintiff Bruce C. Cohen and the Rule 23 OT Class)

208. Plaintiff Cohen and the Rule 23 OT Class ("Plaintiffs") bring this Count V pursuant to the Minnesota Wage Theft Act ("MWTA") as authorized by Minnesota Statutes § 181.032(f) and § 181.032(d)(4), § 181.177, Subd. 1 and §177.27. The Court has supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367.

209. Plaintiff Cohen is an individual who resides in Faribault, Minnesota and is employed by Defendants jointly at Defendants' business office in Minneapolis, Minnesota, and at Plaintiff's home in Faribault, Minnesota, within the jurisdiction and venue of this Court.

210. Plaintiff Cohen and the Rule 23 OT Class perform document review services for Employers in Minneapolis, Minnesota, and at their homes. Plaintiff is an hourly wage worker paid at a rate of twenty-four dollars ($24.00) per hour for straight time work. Members of the Rule 23 OT Class may be paid at different rates.

211. Excluding any references to FLSA, Plaintiff, individually and the Minnesota Overtime Rule 23 Class ("Rule 23 OT Class"), re-allege and incorporate by reference herein paragraphs seventy-four (74)  through eighty-six (86) of this Complaint as if fully set forth *in haec verba.*

212. At all relevant times, Plaintiff Bruce C. Cohen and the Rule 23 OT Class are non-exempt employees entitled to receive overtime compensation within the meaning of the FLSA and the Minnesota Overtime Statute ("MOS"), Minnesota Statutes § 177.23 Subd. 7, and applicable regulations.

213. Defendant Consilio Services, LLC (hereinafter referred to as "Defendant CS" or "Employer") is a general Delaware limited liability company which is authorized to do business in Minnesota as a foreign limited liability company in good standing. Defendant CS is Plaintiff Cohen's

and the Rule 23 OT class' employer within the meaning of Minnesota Statutes § 181.032(f) and § 181.177, Subd. 4, and § 177.23 Subd. 6.

214. Defendant Consilio, LLC ("Defendant Consilio" or "Joint Employer", or collectively as "Defendants" with Defendant CS) is a Virginia limited liability company. Defendant Consilio is not registered as a business entity in Minnesota and is not authorized to conduct any business activity in Minnesota.  Notwithstanding, Defendant Consilio provides general business services in Minneapolis, Minnesota within the jurisdiction and venue of this Court. Defendant Consilio is Plaintiff Cohen's and the Rule 23 OT Class' employer within the meaning of Minnesota Statutes § 181.032(f) and § 181.177, Subd. 4, and § 177.23 Subd. 6.

215. Prior to August 5, 2019, Plaintiffs were classified by Employers as non-exempt employees eligible to receive overtime pay under the FLSA for all hours worked in excess of forty (40) in any work week in accordance with Employers' "SALARY BASIS / SAFE HARBOR POLICY" (copy is attached and incorporated herein for all purposes as Attachment B).

216. Prior to August 5, 2019, Plaintiff Cohen and the Rule 23 OT Class were paid at a rate of time and one-half for all hours worked in excess of forty (40) in one work week.

217. On or about August 5, 2019, Defendants instituted a new overtime policy (hereinafter referred to as "NOP"), which Jennifer Vaughan, Defendant Consilio's Senior Director of Recruiting, distributed to Consilio Services' Employees at the Minneapolis facility, including Plaintiff Cohen and the Rule 23 OT Class, in an email dated July 31, 2019 (a copy is attached and incorporated by reference herein for all purposes as Attachment C).

218. The *Consilio Services Employee Handbook* (April 2018) provides in part at page 10:

> Employees in non-exempt positions are entitled to overtime pay under federal and state wage and hour laws.,,, **An employee's exempt or non-exempt status may be changed only upon written notification from Management.** (emphasis in original).

219. There was no change in Plaintiffs' job functions, wages or working conditions that would change their work status from non-exempt to exempt status for overtime pay.

220. The NOP did not notify Plaintiffs that their non-exempt overtime status was changed to exempt status.

221. The NOP did not specify any basis for changing Plaintiffs status from "non-exempt" and eligible to receive overtime payments to "exempt" from overtime payment requirements in accordance with Minnesota Statutes § 181.032(d)(4).

222. Defendants did not send any other written notification to Plaintiffs to inform them that their non-exempt overtime status changed in accordance with Minnesota Statutes § 181.32(f).

223. Since on or about August 5, 2019, Employers failed and refused to pay overtime wages to Plaintiffs for work performed over forty (40) hours in one work week, unless such overtime payments are a pass along cost paid by a customer.  After August 5, 2019, Plaintiff Cohen worked in excess of forty (40) hours in various work weeks in which he was not paid overtime including, *inter alia*, the week ending November 10, 2019 during which he worked forty-eight and three quarter (48.75) hours and for which he was paid at straight time for all hours worked; for the week ending January 12, 2020, Plaintiff Cohen worked sixty (60) hours and for which he was paid at straight time for all hours worked; and for the week ending January 19, 2020, Plaintiff Cohen worked fifty-four (54) hours and for which he was paid at straight time for all hours worked. Members of the Rule 23 OT Class also worked in excess of forty (40) hours in various work weeks in which they were not paid overtime.

224. Defendants were aware of the requirements for exempting an employee from overtime payments as set forth in Employers' "SALARY BASIS / SAFE HARBOR POLICY" (Attachment B).

225. Defendants willfully failed to follow their own internal policies and procedures for sending a written notice of Plaintiffs' change of overtime eligibility, and willfully failed to send Plaintiffs a statutory notice of his change of status.

226. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered damages in excess of fifty thousand dollars ($50,000).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request a **JURY TRIAL** on his claims and judgment against Defendants as follows:

A) For judgment against Defendants for an amount equal to Plaintiffs' unpaid overtime wages at the applicable overtime rate for each hour worked over forty;

B) For judgment against Defendants for a civil penalty payable to the Plaintiffs of $1,000 for each violation;

C) For judgment against Defendants for pre-judgment and post-judgment interest, and Plaintiffs' costs, disbursements, and attorneys' fees pursuant to law;

D) For a permanent injunction prohibiting Defendants from failing to pay overtime wages to Plaintiffs before sending a notification of a change in overtime eligibility in accordance with Minnesota Statutes § 181.032(f) to Plaintiffs, including a statement of the reasons for the change in accordance with Minnesota Statutes § 181.032(d)(4);

D) For such other and further legal and equitable relief as the Court deems just and proper.

## COUNT VI
## FAILURE TO PAY OVERTIME – MINNESOTA OVERTIME STATUTE
### (On Behalf of Plaintiff Bruce C. Cohen and the Rule 23 OT Class)

227. Plaintiff Cohen and the Rule 23 OT Class ("Plaintiffs") bring this Count VI pursuant to the Minnesota Overtime Statute ("MOS") as authorized by Minnesota Statutes § 177.25 and § 177.27, Subd. 8. The Court has supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367.

228. Plaintiff Cohen is an individual who resides in Faribault, Minnesota and is employed by Defendants at Defendants' business office in Minneapolis, Minnesota, and at Plaintiff's home in Faribault, Minnesota, within the jurisdiction and venue of this Court.

229. Plaintiff, individually, and the Minnesota Overtime Rule 23 Class ("Rule 23 OT Class"), re-allege and incorporate by reference herein paragraphs seventy-four (74)  through eighty-six (86) of this Complaint as if fully set forth *in haec verba.*

230. At all relevant times, Plaintiffs perform document review services for Employers in Minneapolis, Minnesota, and at their homes. Plaintiff Cohen is a non-exempt hourly wage worker paid at a rate of twenty-four dollars ($24.00) per hour for straight time work. Members of the Rule 23 OT Class may be paid at different rates. Plaintiffs are entitled to receive overtime compensation within the meaning of Minnesota Statutes § 177.23 Subd. 7, Minnesota Statutes § 177.25, and applicable regulations.

231. Defendant Consilio Services, LLC (hereinafter referred to as "Defendant CS" or "Employer") is a general Delaware limited liability company. Defendant CS has not registered as a professional limited liability company (hereinafter referred to as "PLLC") under the Delaware Professional Service Corporation Act, 8 Del. C. 1953, §  601 et seq. and thus is not authorized to engage in the practice of law in Delaware.

232. Defendant Consilio is not registered as a business entity in Minnesota and is not authorized to conduct any business activity in Minnesota.  Notwithstanding, Defendant Consilio provides general business services in Minneapolis, Minnesota and within the jurisdiction and venue of this Court.

233. Defendant CS is registered in Minnesota as a foreign limited liability company ("FLLC") in good standing. A certificate of authority to act as a foreign limited liability company does not give Defendant CS any greater authority to act in Minnesota than a domestic limited liability company.

234. At all times relevant to this Complaint, Defendant CS has not elected to become a foreign professional services firm in Minnesota and thus is not authorized to furnish any professional legal services in Minnesota in accordance with the Minnesota Professional Firms Act, Minnesota Statutes Sections 319B.01 to 319B.12 ("MPFA").

235. Defendant Consilio, LLC ("Defendant Consilio" or "Joint Employer", or collectively as "Defendants" with Defendant CS) is a Virginia limited liability corporation. It is not registered as a professional limited liability company and is not authorized to provide any legal services under the Virginia Professional Limited Liability Company Act, Virginia Statutes. Sections 13.1-1100 et seq.

236. At all times relevant to this Complaint, Defendant Consilio has not elected to become a foreign professional services firm and thus is not authorized to furnish any professional legal services in Minnesota in accordance with the Minnesota Professional Firms Act, Minnesota Statutes Sections 319B.01 to 319B.12 ("MPFA").

237. Defendant Consilio, *inter alia,* provides services at its facilities nationwide for its employees and employees of Defendant CS, including but not limited to: hiring and firing, on-site and off-site supervision and training, maintaining time records, human resource support, employee benefits, and other services.

238. Defendants failed to register and failed to comply with Minnesota Statutes §319B11, subdiv. 4 et seq. of the Minnesota Board of Professional Responsibility and other compliance

requirements or the Minnesota State Board of Law Examiners and thus, Defendants are not authorized to practice law in Minnesota.

239. At all relevant times, Defendants were Plaintiffs' employers within the meaning of Minnesota Statutes § 177.23 Subd. 6, Minnesota Statutes § 177.25, and applicable regulations. Defendants are Plaintiffs' co-employers.

240. Under the MOS, employers must pay employees overtime at a rate of time and one-half for all work performed in excess of forty-eight (48) hours worked in one work week.

241. Prior to August 5, 2019, Plaintiff was paid at a rate of time and one half for all work performed in excess of forty (40) hours in one work week.

242. On or about August 5, 2019, Defendants instituted a new overtime policy (hereinafter referred to as "NOP"), which Jennifer Vaughan, Defendant Consilio's Senior Director of Recruiting, distributed to Employees at the Minneapolis facility, including Plaintiff, in an email dated July 31, 2019, a copy is attached and incorporated by reference herein for all purposes as Attachment C.

243. Defendants did not send any other written notification to Plaintiffs informing them that their non-exempt overtime status changed in accordance with Minnesota Statutes § 181.32(f).

244. Defendants are not registered under the MPFA. Defendants cannot provide lawful professional legal services or claim that their employees perform professional legal services.

245. Professional employees who are paid a salary or fixed fees may be exempt from the overtime payment requirements of the MOS under Minnesota Administrative Rules Section 5200.0210 PROFESSIONAL TESTS.

246. Plaintiffs are paid on an hourly wage basis, and do not receive a salary or fixed fee for their work, and so are not exempt from the overtime payment requirements of the MOS.

247. Plaintiffs worked more than forty-eight (48) hours for Defendants in one or more workweeks since August 5, 2019 but did not receive overtime pay for all hours worked in excess of forty-eight (48) hours.

248. Plaintiff Cohen worked in excess of forty-eight (48) hours in various work weeks for which he was not paid overtime after August 5, 2019, including, *inter alia*, the week ending November 10, 2019 during which he worked forty-eight and three quarter (48.75) hours and for which he was paid at straight time for all hours worked; for the week ending January 12, 2020, Plaintiff Cohen worked sixty (60) hours for which he was paid at straight time for all hours worked; and for the week ending February 16, 2020, Plaintiff Cohen worked fifty-five and one quarter (55.25) hours for which he was paid at straight time for all hours worked. Members of the Rule 23 OT Class also worked in excess of forty-eight (48) hours in various work weeks in which they were not paid overtime.

249. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered damages in the amount in excess of fifty thousand ($50,000).

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request a **JURY TRIAL** on their claims and judgment against Defendants as follows:

A) For a permanent injunction prohibiting Defendant Consilio LLC from engaging in any business activity in Minnesota until such time as Defendant Consilio LLC is registered and in good standing with the Minnesota Secretary of State.

B) For a permanent injunction prohibiting Defendant Consilio Services LLC and Defendant Consilio LLC from providing legal services or engaging in the practice of law in Minnesota until they are duly registered and elect coverage under the Minnesota Professional Firms Act, and also in compliance with the reporting requirement of the Minnesota Board of Professional Responsibility.

C) For judgment against Defendants for an amount equal to Plaintiffs' unpaid overtime wages at the applicable overtime rate for each hour worked over forty-eight (48);

D) For judgment against Defendants for an equal amount to the wage damages as liquidated damages;

E) For judgment against Defendants that their violations of the MOS were willful;

F) For judgment against Defendants for a civil penalty payable to the State of Minnesota of $1,000 for each violation;

G) For judgment against Defendants for pre-judgment and post-judgment interest, and Plaintiffs' costs, disbursements, and attorneys' fees pursuant to law;

H) For a permanent injunction prohibiting Defendants from failing to pay overtime wages to Plaintiffs for each hour worked over forty-eight (48);

I) For a permanent injunction prohibiting Defendants from claiming that its Employees perform professional legal services;

J) For such other and further legal and equitable relief as the Court deems just and proper.

## COUNT VII

## FAILURE TO PAY UNPAID WAGES – MINNESOTA STATUTES SECTION 181.101

### (On Behalf of Plaintiff Bruce C. Cohen and the Rule 23 OT Class)

250.  Plaintiff Cohen and the Rule 23 OT Class ("Plaintiffs") bring this Count VI pursuant to Minnesota Statutes §181.101, as authorized by Minnesota Statutes §181.171, Subd. 1. The Court has supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367.

251. Plaintiff is an individual who resides in Faribault, Minnesota and is employed by Defendants at Defendants' business office in Minneapolis, Minnesota, and at Plaintiff's home in Faribault, Minnesota, within the jurisdiction and venue of this Court.

252. Plaintiff, individually, and the Minnesota Overtime Rule 23 Class (substituting "Rule 23 OT Class" for "FLSA Collective") re-allege and incorporate by reference herein paragraphs fifty-seven through sixty-seven (57-67) and seventy-four (74) through eighty-six (86) of this Complaint as if fully set forth *in haec verba.*

253. At all relevant times, Plaintiffs were employees within the meaning of Minnesota Statutes §181.101.

254. At all relevant times, Defendants were Plaintiffs' employers within the meaning of Minnesota Statutes §181.171 Subd. 4.

255. Under Minnesota Statutes §181.101, employers must pay employees their unpaid wages within ten days of receipt of a written demand for unpaid wages.

256. Plaintiff Cohen sent a collective written notice and demand for payment of unpaid overtime pay to Defendants on or about December 1, 2019, a copy of which is attached and incorporated by reference herein for all purposes as Attachment D.

257. On or about December 4, 2019, Michael Flanagan, a manager for Defendant CS and general counsel for Defendant Consilio, acknowledged receipt of Plaintiffs' demand letter.

258. Following acknowledgment of Plaintiffs' demand letter, Defendants reaffirmed the NOP in a December 20, 2019 email from Olivea Moore which states in part, "You are allowed to work on [Project 1][6] on weekends. You are also allowed to work 60 hours a week at straight time…." A copy of this email is attached and incorporated herein by reference for all purposes as Attachment E.

259. Defendants reaffirmed the NOP again on or about January 22, 2020 in an email job offer from Edileno Roman which states in part, "Consilio is staffing a project in our MN office starting on Monday, 1/27. We anticipate this project will be 2-3 weeks, at up to 60 hours a week paid at a straight time rate of $24." A copy of the email from Roman is attached and incorporated herein by reference for all purposes as Attachment E.

260. Defendants failed to pay Plaintiffs their unpaid overtime wages within ten days of receipt of Employees' written demand (Attachment D).

261. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs have suffered damages in an amount in excess of fifty thousand dollars ($50,000).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs request a **JURY TRIAL** on their claims and judgment against Defendants as follows:

A) For judgment against Defendants for an amount equal to Plaintiffs' unpaid overtime wages and the applicable overtime rate for each hour worked over forty (40), and in some cases over forty-eight (48);

B) For judgment against Defendants for an equal amount to the wage damages as liquidated damages;

C) For judgment against Defendants that their violations of the MOS were willful;

D) For judgment against Defendants for an amount equal to Plaintiffs' average daily earnings for each day beyond the ten-day limit following Defendants' receipt of the written demand that Plaintiffs' overtime wages remain unpaid payable to Plaintiffs;

---

6    Defendant's customer name is redacted and will be provided to the Court and parties pursuant to confidentiality procedures.

E) For judgment against Defendants for a civil penalty of $1,000 for each MOS violation payable to Plaintiffs;

F) For a permanent injunction prohibiting Defendants from failing to pay overtime wages to Plaintiffs for each hour worked over forty (40);

G)  For a permanent injunction prohibiting Defendants from claiming that its Employees perform professional legal services;

I) For judgment against Defendants for pre-judgment and post-judgment interest, and Plaintiffs' costs, disbursements, and attorneys' fees pursuant to law;

J) For such other and further legal and equitable relief as the Court deems just and proper.


**SINGH ADVISORS, LLC**

Dated:  August 3, 2020                    s/ Earl John Singh
                                          Earl John Singh, # 0178263
                                          Lakes & Plains Office Building
                                          842 Raymond Avenue, Suite 200
                                          St. Paul, MN  55114
                                          651-647-6250 (office)
                                          614-460-9622 (direct/cell)
                                          651-251-1183 (fax)
                                          earl.singh@singhadvisors.com

                                          ATTORNEY FOR PLAINTIFFS


**VERIFICATION**

I, Bruce C. Cohen, declare under penalty of perjury under the laws of the United States of America that I have read the foregoing Complaint and its Attachments and the facts asserted therein are true and accurate based on my personal knowledge or on information and belief.

*Date: August 3, 2020*                    *s/ Bruce C. Cohen*