UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BRUCE C. COHEN, individually, as PRIVATE ATTORNEY GENERAL, on behalf of similarly situated INDIVIDUALS, | Court File No. 0:20-cv-01689-DSD-HB |
| Plaintiffs, | **ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES** |
| vs. | |
| CONSILIO LLC, and CONSILIO SERVICES, LLC, | |
| Defendants. | |

Defendants Consilio LLC and Consilio Services, LLC ("Defendants" or "Consilio") as and for their Answer and Affirmative and Additional Defenses to the Complaint of Plaintiff Bruce C. Cohen, Individually, as Private Attorney General, on Behalf of Similarly Situated Individuals, ("Plaintiff" or "Cohen"), state and allege as follows:

## NATURE OF ACTION

1.      Defendants admit that Plaintiff seeks unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and the Minnesota Overtime Statute ("MOS"). To the extent that Paragraph 1 of the Complaint sets forth conclusions of law, no answer is required. However, Defendants deny any legal wrongdoing, or that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 1 of the Complaint.

2.      Defendants admit that Plaintiff seeks to enjoin Defendants from engaging in the unauthorized practice of law in Minnesota. Defendants also admit that Plaintiff seeks declaratory judgments under Delaware and Virginia law. However, Defendants deny any

legal wrongdoing, or that Plaintiff is entitled to any relief whatsoever.  Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.     Defendants admit that Plaintiff seeks relief against Defendants pursuant to Minnesota Wage Theft Act. However, Defendants deny any legal wrongdoing, or that Plaintiff is entitled to any relief whatsoever.  Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.     To the extent that Paragraph 4 of the Complaint sets forth conclusions of law, no answer is required. Defendants admit that Plaintiff seeks to enjoin Defendant Consilio, LLC from engaging in any business activity in Minnesota. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.     Defendants admit that this Court has subject matter jurisdiction with respect to Plaintiff's FLSA claim as it pertains to Plaintiff and the putative collective members that worked for Defendant Consilio Services, LLC in Minnesota.  Defendants further admit that venue is proper with respect to those same claims.  However, Defendants deny any legal wrongdoing, or that Plaintiff is entitled to any relief whatsoever.  To the extent that Paragraph 5 of the Complaint sets forth conclusions of law, no answer is required. Defendants deny each and every remaining allegation contained in Paragraph 5 of the Complaint.

6.     Defendants admit this Court has supplemental subject matter jurisdiction. However, Defendants deny any legal wrongdoing, or that Plaintiff is entitled to any relief

whatsoever.  Defendants deny each and every remaining allegation contained Paragraph 6 of the Complaint.

## Defendant Consilio Services, LLC

7.      To the extent Paragraph 7 of the Complaint sets forth conclusions of law, no answer is required.  Defendants admit the Court has personal jurisdiction, except as it pertains to members of the FLSA putative collective who worked for Defendants outside of Minnesota.  Defendants admit venue is proper in this Court.  Defendants admit that Defendant Consilio Services, LLC has a registered agent registered with the Minnesota Secretary of State.  Defendants deny each and every remaining allegation contained in Paragraph 8 of the Complaint.

8.      To the extent Paragraph 8 of the Complaint sets forth conclusions of law, no answer is required.  Defendants admit the Court has personal jurisdiction, except as it pertains to members of the FLSA putative collective who worked for Defendants outside of Minnesota.  Defendants deny each and every remaining allegation contained in Paragraph 8 of the Complaint.

   a) Defendants admit that Defendant Consilio Services, LLC maintains a business office at 330 Second Avenue South, Minneapolis, Minnesota 55401.

   b) Defendants admit the allegations contained in Paragraph 8(b) of the Complaint.

   c) Defendants admit the allegations contained in Paragraph 8(c) of the Complaint.

    d) Defendants admit the allegations contained in Paragraph 8(d) of the Complaint.

## Defendant Consilio, LLC

9.     To the extent that Paragraph 9 of the Complaint sets forth conclusions of law, no answer is required.  Defendants deny each and every remaining allegation contained in Paragraph 9 of the Complaint.

    a) Defendants deny the allegations contained in Paragraph 9(a) of the Complaint.

    b) Defendants deny the allegations contained in Paragraph 9(b) of the Complaint.

    c) Defendants deny the allegations contained in Paragraph 9(c) of the Complaint.

    d) Defendants deny the allegations contained in Paragraph 9(d) of the Complaint.

    e) Defendants deny the allegations contained in Paragraph 9(e) of the Complaint.

    f) Defendants deny the allegations contained in Paragraph 9(f) of the Complaint.

    g) Defendants deny the allegations contained in Paragraph 9(g) of the Complaint.

    h) Defendants deny the allegations contained in Paragraph 9(h) of the Complaint.

## PARTIES

10.     Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's residence and on that basis deny the allegations contained in Paragraph 10 of the Complaint. Except as expressly admitted, Defendants deny each and every remaining allegation contained in Paragraph 10 of the Complaint.

### (Defendant Consilio Services, LLC)

11.     To the extent that Paragraph 11 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants admit that Defendant Consilio Services, LLC is registered as a Delaware general limited liability company.

12.     To the extent that Paragraph 12 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants admit that Defendant Consilio Services, LLC is not registered as a professional limited liability company in Delaware and deny each and every allegation contained in Paragraph 12 of the Complaint.

13.     To the extent that Paragraph 13 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants admit that Defendant Consilio Services, LLC is registered as a foreign limited liability company in the State of Minnesota.  Defendants deny each and every remaining allegation contained in Paragraph 13 of the Complaint.

14.     To the extent that Paragraph 14 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants admit that

Defendant Consilio Services, LLC is not a foreign professional services firm and that it has not filed any annual reports with the Minnesota Board of Professional Responsibility. Defendants deny each and every remaining allegation contained in Paragraph 14 of the Complaint.

15.    To the extent that Paragraph 15 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants admit Defendant Consilio Services, LLC is not a foreign professional services limited liability company and that its North Carolina 2019 Annual Report speaks for itself.  Defendants deny each and every remaining allegation contained in Paragraph 15 of the Complaint.

16.    To the extent that Paragraph 16 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants admits that Defendant Consilio Services, LLC is not a "professional legal firm" and deny each and every allegation contained in Paragraph 16 of the Complaint.

17.    Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18.    Defendants admit the allegations contained in Paragraph 18 of the Complaint.

19.    Defendants deny the allegations contained in Paragraph 19 of the Complaint.

**(Defendant Consilio, LLC)**

20.    To the extent that Paragraph 20 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants admit that Defendant Consilio, LLC is registered as a general limited liability company in Virginia

and that it is not registered as a professional limited liability company.  Defendants deny each and every remaining allegation contained in Paragraph 20 of the Complaint.

21.     To the extent that Paragraph 21 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants admit the allegations in Paragraph 21 of the Complaint.

22.     To the extent that Paragraph 22 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants admit that Defendant Consilio, LLC is not registered with the Minnesota Secretary of State as a foreign business.  Defendants deny each and every allegation contained in Paragraph 22 of the Complaint.

23.     To the extent that Paragraph 23 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants admit that Defendant Consilio, LLC is not a foreign professional services firm.  Defendants deny each and every remaining allegation contained in Paragraph 23 of the Complaint.

24.     To the extent that Paragraph 24 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants admit that Defendant Consilio, LLC has not filed any annual reports with the Minnesota Board of Professional Responsibility.   Defendants deny each and every remaining allegation contained in Paragraph 14 of the Complaint.

25.     To the extent that Paragraph 25 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants admit the allegations in Paragraph 25 of the Complaint.

26.     To the extent that Paragraph 26 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants admit that Defendant Consilio, LLC is not a foreign professional services limited liability company in any jurisdiction and deny each and every allegation contained in Paragraph 26 of the Complaint.

27.     Defendants admit the allegations contained in Paragraph 27 of the Complaint.

28.     To the extent that Paragraph 28 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 28 of the Complaint.

## FACTUAL ALLEGATIONS
### (Background)

29.     Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31.     Defendants admit that Plaintiff is an employee of Consilio Services, LLC, that Plaintiff works for Consilio Services, LLC in Minneapolis and from his home, and deny each and every remaining the allegation contained in Paragraph 31 of the Complaint.

32.     Defendants admit the allegations contained in Paragraph 32 of the Complaint as they pertain to Defendant Consilio Services, LLC and deny the allegations contained in Paragraph 32 as they pertain to Defendant Consilio, LLC.

33.     Defendants admit that Plaintiff Cohen performs electronic document review work.   Defendants deny the remaining allegations contained in Paragraph 33 of the Complaint.

34.     To the extent that Paragraph 34 of the Complaint sets forth conclusions of law, no answer is required.  To the extent an answer is required, Defendants deny each and every allegation contained in Paragraph 34 of the Complaint.

## EMPLOYEES' WAGES AND HOURS

35.     Defendants admit that Plaintiff and the putative collective members employed by Defendant Consilio Services, LLC were paid an hourly wage.  Defendants deny the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Defendants admit that Plaintiff and some of the putative collective members were paid overtime at times.   Defendants assert that the handbook referenced in Paragraph 36 of the Complaint speaks for itself.  Defendants deny that Plaintiff or the putative collective members were legally entitled to overtime premiums and deny the remaining allegations in Paragraph 36 of the Complaint.

37.     Defendants admit that Plaintiff and some of the putative collective members were paid overtime at times.  Defendants deny that Plaintiff or the putative collective members were legally entitled to overtime premiums and deny the remaining allegations in Paragraph 37 of the Complaint.

38.     Defendants assert that the document attached as Exhibit C to the Complaint speaks for itself and deny the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Defendants assert that the document attached as Exhibit C to the Complaint speaks for itself and deny the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Defendants assert that the document attached as Exhibit C to the Complaint speaks for itself and deny the remaining allegations contained in Paragraph 39 of the Complaint.

41.     Defendants assert that the handbook referenced in Paragraph 41 of the Complaint speaks for itself and deny the remaining allegations contained in Paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants admit that Plaintiff and some of the putative collective members were paid overtime at times.  Defendants deny that Plaintiff or the putative collective members were legally entitled to overtime premiums and deny the remaining allegations in Paragraph 43 of the Complaint.

44.     Defendants admit that Plaintiff and some of the putative collective members were paid overtime at times.  Defendants deny that Plaintiff or the putative collective members were legally entitled to overtime premiums and deny the remaining allegations in Paragraph 44 of the Complaint.

45.     Defendants admit that Plaintiff and some of the putative collective members were paid overtime and bonuses at times.  Defendants deny that Plaintiff or the putative collective members were legally entitled to overtime premiums or bonuses and deny the remaining allegations in Paragraph 43 of the Complaint.

46.     Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.     Defendants admit that Plaintiff recorded in excess of 40 hours of work in various work weeks and that Plaintiff was not paid overtime for some of those work weeks. Defendants deny that Plaintiff was legally entitled to overtime premiums and deny the remaining allegations in Paragraph 47 of the Complaint.

48.     Defendants admit that some putative collective members worked in excess of 40 hours during work weeks and did not receive overtime premiums or bonuses during some of those work weeks. Defendants deny that the putative collective members were legally entitled to overtime premiums or bonuses and deny the remaining allegations in Paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in Paragraph 49 of the Complaint.

**COLLECTIVE ACTION ALLEGATIONS**

50.     Defendants adopt by reference each and every defense stated in this Answer as if fully and completely set forth herein.

51.     Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants admit that Plaintiff Cohen has worked on document review projects with employees from other facilities and deny the remaining allegations contained in Paragraph 53 of the Complaint.

54.     Defendants admit that Plaintiff Cohen brings this action individually and on behalf of other similarly situated employees pursuant to 29 U.S.C. § 216(b). Defendants deny that this action is suitable for class or collective treatment, and denies violating any

laws that support a claim for relief by Plaintiff, collectively or otherwise. Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 54 of the Complaint.

55.    Defendants deny that this action is suitable for class or collective treatment, and denies violating any laws that support a claim for relief by Plaintiff, collectively or otherwise.  Defendants deny the remaining allegations contained in Paragraph 55 of the Complaint.

56.    Defendants deny the allegations in Paragraph 56 of the Complaint.

57.    Defendants deny the allegations in Paragraph 57 of the Complaint.

58.    Defendants admit they are aware of the FLSA's overtime requirements. Defendants deny that Plaintiff or the putative collective members were legally entitled to overtime premiums under the FLSA.

59.    Defendants deny the allegations in Paragraph 59 of the Complaint.

60.    Defendants deny the allegations in Paragraph 60 of the Complaint.

61.    Defendants deny the allegations in Paragraph 61 of the Complaint.

62.    Defendants deny the allegations in Paragraph 62 of the Complaint.

63.    Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.    Defendants deny the allegations in Paragraph 64 of the Complaint.

65.    Defendants deny the allegations in Paragraph 65 of the Complaint.

66.    Defendants deny the allegations in Paragraph 66 of the Complaint.

67.    Defendants deny the allegations in Paragraph 67 of the Complaint.

68.     Defendants assert that Exhibit D attached the Complaint speaks for itself and deny the remaining allegations in Paragraph 68 of the Complaint.

69.     Defendants admit that Michael Flanagan received Exhibit D on or about December 4, 2019 and deny the remaining allegations contained in Paragraph 69 of the Complaint.

70.     Defendants assert that Exhibit E attached the Complaint speaks for itself and deny the remaining allegations in Paragraph 70 of the Complaint.

71.     Defendants assert that Exhibit F attached the Complaint speaks for itself and deny the remaining allegations in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations in Paragraph 72 of the Complaint.

73.     Defendants deny the allegations in Paragraph 73 of the Complaint.

### STATE LAW OVERTIME CLASS ACTION ALLEGATIONS

74.     Defendants adopt by reference each and every defense stated in this Answer as if fully and completely set forth herein.

75.     Defendants deny the allegations in Paragraph 75 of the Complaint.

76.     Defendants deny the allegations in Paragraph 76 of the Complaint.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants deny the allegations in Paragraph 78 of the Complaint.

79.     Defendants deny the allegations in Paragraph 79 of the Complaint.

80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

83.     Defendants admit the allegations contained in Paragraph 83 of the Complaint.  Defendants deny that Plaintiff of any member of the putative Rule 23 class is entitled to overtime premiums under the FLSA of the MOS.

84.     Defendants assert that Exhibit D attached the Complaint speaks for itself and deny the remaining allegations in Paragraph 84 of the Complaint.

85.     Defendants admit that Michael Flanagan received Exhibit D on or about December 4, 2019 and deny the remaining allegations contained in Paragraph 85 of the Complaint.

86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint.

88.     Defendants deny that this action is suitable for class or collective treatment, and denies violating any laws that support a claim for relief by Plaintiff, collectively or otherwise. Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint.

93.     Defendants deny the allegations in Paragraph 93 of the Complaint.

94.     Defendants deny the allegations in Paragraph 94 of the Complaint.

95.     Defendants deny the allegations in Paragraph 95 of the Complaint.

## CAUSES OF ACTION

### COUNT I

**FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME**
**(On behalf of Plaintiff Bruce C. Cohen and the FLSA Collective)**

96.    Defendants restate their responses to the allegations contained in Paragraphs 1 through 95 of the Complaint as if fully set forth herein.

97.    Defendants deny the allegations in Paragraph 97 of the Complaint.

98.    Defendants deny the allegations in Paragraph 98 of the Complaint.

99.    Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants admit that some Plaintiff and putative collective members worked in excess of 40 hours during work weeks.  Defendants deny that Plaintiff or the putative collective members were legally entitled to overtime premiums or bonuses and deny the remaining allegations in Paragraph 100 of the Complaint

101.    Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

105.    Defendants deny the allegations in Paragraph 105 of the Complaint.

Defendants further deny the allegations contained in the next paragraph, incorrectly labeled as a second Paragraph 105.

## COUNT II

### UNAUTHORIZED PRACTICE OF LAW
### (On behalf of Plaintiff Bruce C. Cohen and Rule 23 Licensed Attorney Class)

106.    Defendants restate their responses to the allegations contained in Paragraphs 1 through 105 of the Complaint as if fully set forth herein.  Defendants deny that Plaintiff Cohen may bring this action as a private attorney general.  Defendants deny the remaining allegations contained in Paragraph 106 of the Complaint.

107.    Defendants are without knowledge or information sufficient to form a belief as to Plaintiff Cohen's residence and on this basis denies the allegations contained in Paragraph 107 of the Complaint.  Defendants deny the remaining allegations contained in Paragraph 107 of the Complaint.

### THE RULE 23 LICENSED ATTORNEY CLASS

108.    Defendants deny that this action is suitable for class or collective treatment, and denies violating any laws that support a claim for relief by Plaintiff, collectively or otherwise.  Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 108 of the Complaint.

109.    Defendants deny the allegations in Paragraph 109 of the Complaint.

110.    Defendants deny the allegations in Paragraph 110 of the Complaint.

111.    Defendants deny the allegations in Paragraph 111 of the Complaint.

112.    Defendants deny the allegations in Paragraph 112 of the Complaint.

113.    Defendants deny the allegations in Paragraph 113 of the Complaint.

114.    Defendants deny the allegations in Paragraph 114 of the Complaint.

115.    Defendants deny the allegations in Paragraph 115 of the Complaint.

116.     Defendants restate their responses to the allegations contained in Paragraphs 7 through 14, Paragraphs 17 through 18, Paragraphs 20 through 24, Paragraphs 27 through 47 and Paragraph 58 of the Complaint as if fully set forth herein.

117.     Defendants are without knowledge and information sufficient to form a belief as to whether Plaintiff Cohen and the Rule 23 MLA Class are all licenses attorneys and on this basis deny the allegations contained in Paragraph 117 of the Complaint.

118.     To the extent that Paragraph 118 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119.     Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120.     Defendants deny the allegations in Paragraph 120 of the Complaint.

**PER SE VIOLATIONS OF MINNESOTA PROFESSIONAL FIRMS ACT**

121.     To the extent that Paragraph 121 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 121 of the Complaint.

122.     To the extent that Paragraph 122 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 122 of the Complaint.

123.     To the extent that Paragraph 123 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124.   To the extent that Paragraph 124 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125.   To the extent that Paragraph 125 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 125 of the Complaint.

126.   Defendants admit that Defendant Consilio Services, LLC is registered with the Minnesota Department of State as a foreign limited liability company.  Defendants deny the remaining allegations contained in Paragraph 126 of the Complaint.

127.   To the extent that Paragraph 128 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 127 of the Complaint.

128.   To the extent that Paragraph 128 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 128 of the Complaint.

129.   To the extent that Paragraph 129 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 129 of the Complaint.

130.   To the extent that Paragraph 130 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 130 of the Complaint.

131.    To the extent that Paragraph 131 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 131 of the Complaint.

132.    To the extent that Paragraph 132 of the Complaint sets forth conclusions of law, no answer is required.  Except as expressly admitted, Defendants deny the allegations contained in Paragraph 132 of the Complaint.

## VIOLATIONS OF MINNESOTA RULES OF PROFESSIONAL CONDUCT

133.    Defendants admit that Andrew D. Macdonald and Jeff Sheu are not attorneys and deny the remaining allegations in Paragraph 133 of the Complaint.

134.    Defendants admit that Andrew D. Macdonald and Jeff Sheu are not attorneys and that Andrew D. Macdonald, Jeff Sheu and Michael F. Flanagan are on Consilio, LLC's board of directors.

135.    Defendants assert that Attachments G and H to the Complaint speak for themselves and deny the remaining allegations in Paragraph 135 of the Complaint.

136.    To the extent that Paragraph 136 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 136 of the Complaint.

137.    Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 107 of the Complaint and therefore deny those allegations.

138.    To the extent that Paragraph 138 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 138 of the Complaint.

139.    To the extent that Paragraph 139 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 139 of the Complaint.

140.    Defendants deny the allegations contained in Paragraph 140 of the Complaint.

141.    To the extent that Paragraph 141 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 141 of the Complaint.

142.    Defendants deny the allegations contained in Paragraph 142 of the Complaint.

143.    Defendants deny the allegations contained in Paragraph 143 of the Complaint.

## THE PUBLIC INTEREST

144.    To the extent that Paragraph 144 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 144 of the Complaint.

145.    To the extent that Paragraph 145 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 145 of the Complaint.

146.    To the extent that Paragraph 141 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 146 of the Complaint.

147.    To the extent that Paragraph 147 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 147 of the Complaint.

**COUNT III**

**PETITION FOR DECLARATORY JUDGMENT UNDER DELAWARE LAW
AGAINST DEFENDANT CONSILIO SERVICES, LLC
(On behalf of Plaintiff Bruce C. Cohen)**

148.    Defendants restate their responses to the allegations contained in Paragraphs 1 through 147 of the Complaint as if fully set forth herein.  Defendants admit that Plaintiff Cohen purports to bring Count III pursuant to 28 U.S.C. Section 2201 and pursuant to 10 Del. C § 6501 *et seq*. and Delaware Professional Service Corporation Act, 8 Del. C. 1953 § 601 *et seq*.  Defendants deny the remaining allegations contained in Paragraph 148 of the Complaint.

149.    Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's residence and on that basis deny the allegations contained in Paragraph 149 of the Complaint. Except as expressly admitted, Defendants deny each and every remaining allegation contained in Paragraph 149 of the Complaint.

150.    Defendants admit that Defendant Consilio Services, LLC is a Delaware limited liability company and deny the remaining allegations contained in Paragraph 150 of the Complaint.

151.    To the extent that Paragraph 151 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 151 of the Complaint.

152.    To the extent that Paragraph 151 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 152 of the Complaint.

153.    Defendants admit that Plaintiff Cohen performs document review services for Consilio Services, LLC in Minnesota.  Defendants deny the remaining allegations contained in Paragraph 153 of the Complaint.

154.    To the extent that Paragraph 154 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 154 of the Complaint.

155.    To the extent that Paragraph 155 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 155 of the Complaint.

156.    To the extent that Paragraph 156 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in Paragraph 157 of the Complaint.

158.    Defendants deny the allegations contained in Paragraph 158 of the Complaint.

159.   To the extent that Paragraph 159 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 159 of the Complaint.

160.   To the extent that Paragraph 160 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 160 of the Complaint.

161.   Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 161 of the Complaint and on that basis deny the allegations contained in Paragraph 161 of the Complaint.

162.   To the extent that Paragraph 162 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 162 of the Complaint.

163.   Defendants admit that Andrew D. Macdonald and Jeff Sheu are not attorneys and deny the remaining allegations in Paragraph 163 of the Complaint.

164.   Defendants deny the allegations contained in Paragraph 164 of the Complaint.

165.   To the extent that Paragraph 165 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 165 of the Complaint.

166.   Defendants deny the allegations contained in Paragraph 166 of the Complaint.

167.   To the extent that Paragraph 167 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 167 of the Complaint.

168.   To the extent that Paragraph 168 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 168 of the Complaint.

169.   Defendants deny the allegations contained in Paragraph 169 of the Complaint.

170.   Defendants deny the allegations contained in Paragraph 170 of the Complaint.

171.   Defendants deny the allegations contained in Paragraph 171 of the Complaint.

172.   Defendants are without knowledge or information sufficient to form a belief about the allegations contained in Paragraph 172 and on this basis deny the allegations contained in Paragraph 172 of the Complaint.

173.   Defendants deny the allegations contained in Paragraph 173 of the Complaint.

174.   Defendants deny the allegations contained in Paragraph 174 of the Complaint.

175.   To the extent that Paragraph 175 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 175 of the Complaint.

176.    To the extent that Paragraph 176 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 176 of the Complaint.

## COUNT IV

## PETITION FOR DECLARATORY JUDGMENT UNDER VIRGINIA LAW AGAINST DEFENDANT CONSILIO, LLC
### (On behalf of Plaintiff Bruce C. Cohen)

177.    Defendants admit that Plaintiff Cohen purports to bring this action pursuant to 28 U.S.C. Section 2201, Virginia Statutes § 8.01-184, the Virginia Professional Limited Liability Company Act, Virginia Statutes § 13.1-1100 *et seq.* and Virginia Statutes § 54.1-3901.  Defendants deny the remaining allegations contained in Paragraph 177 of the Complaint.

178.    Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's residence and on that basis deny the allegations contained in Paragraph 178 of the Complaint.

179.    Defendants admit that Consilio, LLC is a Virginia Limited Liability Company deny the remaining allegations contained in Paragraph 179 of the Complaint.

180.    Defendants assert that Exhibits G  and H attached to the Complaint speak for themselves and otherwise deny the allegations contained in Paragraph 180 of the Complaint.

181.    Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's residence and on that basis deny the allegations contained in Paragraph 181 of the Complaint.

182.    To the extent that Paragraph 182 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 182 of the Complaint.

183.    To the extent that Paragraph 183 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 183 of the Complaint.

184.    Defendants deny the allegations contained in Paragraph 184 of the Complaint.

185.    To the extent that Paragraph 185 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 185 of the Complaint.

186.    To the extent that Paragraph 186 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 186 of the Complaint.

187.    To the extent that Paragraph 187 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 187 of the Complaint.

188.    Defendants deny the allegations contained in Paragraph 188 of the Complaint.

189.    Defendants deny the allegations contained in Paragraph 189 of the Complaint.

190.   To the extent that Paragraph 190 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 190 of the Complaint.

191.   To the extent that Paragraph 191 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 191 of the Complaint.

192.   Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 192 of the Complaint and on that basis deny the allegations contained in Paragraph 192 of the Complaint.

193.   To the extent that Paragraph 193 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 193 of the Complaint.

194.   Defendants admit that Andrew D. Macdonald and Jeff Sheu are not attorneys and deny the remaining allegations in Paragraph 194 of the Complaint.

195.   Defendants deny the allegations contained in Paragraph 195 of the Complaint.

196.   To the extent that Paragraph 196 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 196 of the Complaint.

197.   To the extent that Paragraph 197 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 197 of the Complaint.

198.   To the extent that Paragraph 198 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 198 of the Complaint.

199.   To the extent that Paragraph 199 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 199 of the Complaint.

200.   Defendants deny the allegations contained in Paragraph 200 of the Complaint.

201.   Defendants deny the allegations contained in Paragraph 201 of the Complaint.

202.   Defendants deny the allegations contained in Paragraph 202 of the Complaint.

203.   Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 202 of the Complaint and on that basis deny the allegations contained in Paragraph 203 of the Complaint. Except as expressly admitted, Defendants deny each and every remaining allegation contained in Paragraph 203 of the Complaint.

204.   Defendants deny the allegations contained in Paragraph 204 of the Complaint.

205.   Defendants deny the allegations contained in Paragraph 205 of the Complaint.

206.    To the extent that Paragraph 206 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 206 of the Complaint.

207.    To the extent that Paragraph 207 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 207 of the Complaint.

<u>**COUNT V**</u>

**FAILURE TO PROVIDE NOTICE OF CHANGE IN OVERTIME ELIGIBILITY UNDER MINNESOTA WAGE THEFT ACT**
**(On behalf of Plaintiff Bruce C. Cohen and the Rule 23 OT Class)**

208.    Defendants admit that Plaintiff purports to bring Count V pursuant to the Minnesota Wage Theft Act as authorized by Minnesota Statutes § 181.032(f) and § 181.032(d)(4), 181.177, Subd. 1 and § 177.27.   Defendants deny that this action is suitable for class or collective treatment, and denies violating any laws that support a claim for relief by Plaintiff, collectively or otherwise.  Defendants deny the remaining allegations contained in Paragraph 208 of the Complaint.

209.    Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's residence and on that basis deny the allegations contained in Paragraph 209 of the Complaint. Except as expressly admitted, Defendants deny each and every remaining allegation contained in Paragraph 209 of the Complaint.

210.    Defendants deny the allegations contained in Paragraph 210 of the Complaint.

211.    Defendants restate their responses to the allegations contained in Paragraphs 74 through 86 of the Complaint as if fully set forth herein.

212.    To the extent that Paragraph 212 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 212 of the Complaint.

213.    To the extent that Paragraph 213 of the Complaint sets forth conclusions of law, no answer is required. Defendants admit that Defendant Consilio Services, LLC is a Delaware limited liability company authorized to do business in Minnesota and is registered in Minnesota as a foreign limited liability company.  Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 213 of the Complaint.

214.    To the extent that Paragraph 214 of the Complaint sets forth conclusions of law, no answer is required.  Defendants admit that Defendant Consilio, LLC is a Virginia limited liability company.  Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 214 of the Complaint.

215.    Defendants deny the allegations contained in Paragraph 215 of the Complaint.

216.    Defendants Defendants deny that this action is suitable for class or collective treatment, and denies violating any laws that support a claim for relief by Plaintiff, collectively or otherwise.  Defendants deny the remaining allegations contained in Paragraph 217 of the Complaint.

217.    Defendants assert that Exhibit C attached to the Complaint speaks for itself and deny the remaining allegations in Paragraph 217 of the Complaint.

218.    Defendants assert that the Consilio Services Employee Handbook referenced in the Complaint speaks for itself and deny the remaining allegations in Paragraph 218 of the Complaint.

219.    To the extent that Paragraph 219 of the Complaint sets forth conclusions of law, no answer is required.  Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 219 of the Complaint.

220.    Defendants deny the allegations contained in Paragraph 220 of the Complaint.

221.    Defendants deny the allegations contained in Paragraph 221 of the Complaint.

222.    Defendants deny the allegations contained in Paragraph 222 of the Complaint.

223.    Defendants deny the allegations contained in Paragraph 223 of the Complaint.

224.    Defendants assert that Exhibit D attached to the Complaint speaks for itself and deny the remaining allegations in Paragraph 224 of the Complaint.

225.    Defendants deny the allegations contained in Paragraph 225 of the Complaint.

226.    Defendants deny the allegations contained in Paragraph 226 of the Complaint.

## COUNT VI

### FAILURE TO PAY OVERTIME – MINNESOTA OVERTIME STATUTE
**(On behalf of Plaintiff Bruce C. Cohen and the Rule 23 OT Class)**

227.    Defendants admit that Plaintiff purports to bring Count VI pursuant to the Minnesota Overtime Statute as authorized by Minnesota Statutes § 177.25 and § 177.27, Subd. 8.  Defendants deny that this action is suitable for class or collective treatment, and denies violating any laws that support a claim for relief by Plaintiff, collectively or otherwise.  Defendants deny the remaining allegations contained in Paragraph 227 of the Complaint.

228.    Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's residence and on that basis deny the allegations contained in Paragraph 228 of the Complaint.

229.    Defendants restate their responses to the allegations contained in Paragraphs 74 through 86 of the Complaint as if fully set forth herein.

230.    Defendants deny the allegations contained in Paragraph 230 of the Complaint.

231.    Defendants admit that Defendant Consilio Services, LLC is a Delaware general limited liability company.  Defendants deny the remaining allegations contained in Paragraph 231 of the Complaint.

232.    To the extent that Paragraph 232 of the Complaint sets forth conclusions of law, no answer is required.  Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 232 of the Complaint.

233.   To the extent that Paragraph 233 of the Complaint sets forth conclusions of law, no answer is required.  Defendants admit that Defendant Consilio Services, LLC is registered in Minnesota as a foreign limited liability company. Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 233 of the Complaint.

234.   To the extent that Paragraph 234 of the Complaint sets forth conclusions of law, no answer is required.  Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 234 of the Complaint.

235.   To the extent that Paragraph 235 of the Complaint sets forth conclusions of law, no answer is required.  Defendants admit that Defendant Consilio, LLC is a Virginia limited liability company.  Defendants deny the remaining allegations contained in Paragraph 235 of the Complaint.

236.   To the extent that Paragraph 236 of the Complaint sets forth conclusions of law, no answer is required.  Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 236 of the Complaint.

237.   Defendants deny the allegations contained in Paragraph 237 of the Complaint.

238.   Defendants deny the allegations contained in Paragraph 238 of the Complaint.

239.   To the extent that Paragraph 239 of the Complaint sets forth conclusions of law, no answer is required.  Except as otherwise admitted, Defendants deny the allegations contained in Paragraph 239 of the Complaint.

240.    To the extent that Paragraph 240 of the Complaint sets forth conclusions of law, no answer is required.  Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 240 of the Complaint.

241.    Defendants admit that Plaintiff Cohen was paid an overtime rate at times. Defendants deny the remaining allegations contained in Paragraph 241 of the Complaint.

242.    Defendants asserts that Exhibit C to the Complaint speaks for itself and deny the remaining allegations in Paragraph 242 of the Complaint.

243.    Defendants deny the allegations contained in Paragraph 243 of the Complaint.

244.    To the extent that Paragraph 244 of the Complaint sets forth conclusions of law, no answer is required.  Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 244 of the Complaint.

245.    To the extent that Paragraph 245 of the Complaint sets forth conclusions of law, no answer is required.  Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 245 of the Complaint.

246.    Defendants deny the allegations contained in Paragraph 246 of the Complaint.

247.    Defendants deny the allegations contained in Paragraph 247 of the Complaint.

248.    Defendants deny the allegations contained in Paragraph 248 of the Complaint.

249.    Defendants deny the allegations contained in Paragraph 249 of the Complaint.

## COUNT VII

### FAILURE TO PAY UNPAID WAGES –
### MINNESOTA STATUTES SECTION 181.101
### (On behalf of Plaintiff Bruce C. Cohen and the Rule 23 OT Class)

250.    Defendants admit Plaintiff purports to bring a claim under Minn. Stat. § 181.101.  Defendants deny that this action is suitable for class or collective treatment, and denies violating any laws that support a claim for relief by Plaintiff, collectively or otherwise.   Except as expressly admitted, Defendants deny the remaining allegations contained in Paragraph 250 of the Complaint.

251.    Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's residence and on that basis deny the allegations contained in Paragraph 252 of the Complaint. Except as expressly admitted, Defendants deny each and every remaining allegation contained in Paragraph 252 of the Complaint.

252.    Defendants restate their responses to the allegations contained in Paragraphs 57 through 67 and Paragraphs 74 through 86 of the Complaint as if fully set forth herein.

253.    Defendants deny the allegations contained in Paragraph 253 of the Complaint.

254.    To the extent that Paragraph 254 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 254 of the Complaint.

255.    To the extent that Paragraph 255 of the Complaint sets forth conclusions of law, no answer is required. Except as expressly admitted, Defendants deny the allegations contained in Paragraph 255 of the Complaint.

256.    Defendants assert that Exhibit D attached to the Complaint speaks for itself and otherwise deny the remaining allegations contained in Paragraph 256 of the Complaint.

257.    Defendants admit that Michael Flanagan received Exhibit D on or about December 4, 2019 and deny the remaining allegations contained in Paragraph 69 of the Complaint.

258.    Defendants assert that Exhibit E attached to the Complaint speaks for itself and otherwise deny the allegations in Paragraph 258 of the Complaint.

259.    Defendants assert that Exhibit E attached to the Complaint speaks for itself and otherwise deny the allegations in Paragraph 259 of the Complaint.

260.    Defendants deny the allegations contained in Paragraph 260 of the Complaint.

261.    Defendant denies the allegations contained in Paragraph 261 of the Complaint.

262.    Unless otherwise and expressly admitted or otherwise qualified in this Answer, Defendants deny each and every allegation contained in Plaintiff's Complaint.

## **PRAYERS FOR RELIEF**

263.    Plaintiff's various PRAYERS FOR RELIEF and WHEREFORE provisions, and each of their subparts contain allegations to which a response is not required, but to the extent that a response may be required, Defendants deny that Plaintiff is entitled to any

relief whatsoever, and further deny that they have committed any unlawful or wrongful act with respect to Plaintiff.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1.      The Complaint, including but not limited to Plaintiff's claim for the unauthorized practice of law as alleged in Count II of the Complaint, fails to state a claim upon which relief may be granted.  This defense also applies to the claims of some or all of the collective and/or class of allegedly similarly situated persons.

2.      Plaintiff lacks standing to bring claims for the unauthorized practice of law as alleged in Counts II, III and IV of the Complaint.

3.      The claims of Plaintiff and the individuals Plaintiff seeks to represent are barred, in whole or in part, because the Court lacks personal jurisdiction over the out-of-state Defendants as to the FLSA claims of each individual putative member of the collective who had no connection to the forum state, pursuant to the decision by the United States Supreme Court in *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty.*, 137 S.Ct. 1773 (2017).

4.      The Complaint fails, in whole or in part, because Defendant Consilio, LLC is not an employer or joint employer of Plaintiff or the individuals Plaintiff seek to represent, and the FLSA applies only to "employees" who are "employed" by "employers." *See* 29 U.S.C. § 207(a)(1); 29 U.S.C. § 203(e)(1).

5.      Plaintiff cannot satisfy the requirements of a collective action under the FLSA, and some or all claims asserted are barred, because Plaintiff is not similarly situated to the group of individuals he seeks to represent under 29 U.S.C. section 216(b).

6.      The Complaint fails, or whole or in part, because Plaintiff and the individuals he seeks to represent have been fully paid all amounts legally owed by Defendants, and by accepting the payments made to them, they have effectuated an accord and satisfaction of their claims.

7.      The FLSA claims of Plaintiff and the alleged similarly-situated individuals they seek to represent are barred, in whole or in part. Specifically, the statute of limitations under the FLSA is two years, unless Plaintiff presents evidence that the cause of action arose out of a willful violation. *See* 29 U.S.C. § 255. Plaintiff's claims do not arise out of a willful violation.

8.      The claims of Plaintiff and the individuals he seeks to represent are barred, in whole or in part because actions taken in connection with Plaintiff's compensation and/or the compensation of the individuals he seeks to represent were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor, under 29 U.S.C. section 259.

9.      The claims of Plaintiff and the individuals he seeks to represent are barred in whole or in part because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

10.     Plaintiff and the individuals he seeks to represent is not entitled to any recovery to the extent the work they performed falls within exemptions, exclusions, or

credits provided for under the FLSA or the MOS, including but not limited those for individuals employed in a bona fide administrative, professional, or other capacity.

11.     Plaintiff and the individuals they seek to represent were compensated at all times in compliance with applicable FLSA and MOS requirements.

12.     Collective and class relief is inappropriate because individual issues predominate over questions common to the proposed collective and class. The facts and law common to the case are insignificant compared to the individual facts and issues particular to Plaintiff and members of the proposed collective and class. In addition, consideration of the exempt status of and hours worked by Plaintiff and each putative member of the putative collective and class will require an individualized analysis into the actual day-to-day duties and activities of each individual.

13.     To the extent that Plaintiff's FLSA claims are not dismissed, the effective date of the Complaint for Plaintiff, for purposes of determining the relevant time period of this action, is the date Plaintiff filed an appropriately executed Notice of Consent with the Court.  This defense also applies to the claims of some or all of the collective or class of allegedly similarly situated persons.

14.     Plaintiff and the individuals he seeks to represent are not entitled to class treatment under Federal Rule of Civil Procedure 23, because they cannot establish or satisfy the requirements for class treatment.  Plaintiff has failed to define a class action clearly and objectively, and he cannot adequately represent the interests of potential class members.

15.     Certification of a collective action or class action, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's Due Process rights, both substantive and procedural, in violation of the Fifth, Seventh, Eighth, and Fourteenth Amendments to the U.S. Constitution, including violating Defendants' due process rights, both substantive and procedural, under the Fourteenth Amendment.

16.     The Court lacks personal jurisdiction over Defendants as to the claims of any individuals who neither worked for Defendants in Minnesota nor resided in Minnesota at the time they worked for Defendants, and the exercise of personal jurisdiction over Defendants as to such claims would deprive Defendants of their right to due process.

17.     Plaintiff's claims for compensatory are limited by the applicable limitations on such damages.

18.     Plaintiff's request for injunctive relief fails to state a claim and should be dismissed because there is no risk of irreparable injury or harm.  Plaintiff has an adequate remedy at law.

19.     Plaintiff's Complaint and each cause of action thereof fail to state valid claims for attorneys' fees.

20.     Plaintiff's claims are barred in whole or in part by the equitable defenses of laches, waiver, ratification, estoppel, and/or unclean hands.

21.     Pending the conclusion of further discovery and investigation, Defendants respectfully reserve the right to add such further or supplemental defenses as may be warranted by the information developed through discovery and proper to the full defense of this litigation.

**WHEREFORE**, Defendants respectfully request the Court grant the following relief:

1.    Judgment be entered dismissing Plaintiff's Complaint on the merits and with prejudice;

2.    Awarding Defendants their attorneys' fees, costs, and disbursements, as appropriate; and

3.    Directing such other relief as the Court deems just and equitable.

Date: September 11, 2020

*s/ John H. Lassetter*

John H. Lassetter (#0389009)
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000

4815-0093-3319.1 085129.1003