UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BRUCE C. COHEN, individually, as PRIVATE ATTORNEY GENERAL, on behalf of similarly situated INDIVIDUALS, | Court File No. 0:20-cv-01689-DSD-HB |
| Plaintiffs, | **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |
| vs. | |
| CONSILIO LLC, and CONSILIO SERVICES, LLC, | |
| Defendants. | |

## **INTRODUCTION**

Plaintiff Bruce Cohen ("Plaintiff") lacks standing to pursue his Second, Third, and Fourth causes of action against Consilio LLC ("Consilio") and Consilio Services, LLC ("Consilio Services") (collectively "Defendants"), based on Defendants' alleged unauthorized practice of law in Minnesota, Delaware, and Virginia. Plaintiff's expansive Complaint does not allege any actual injury, nor facts suggesting such any injury is imminent, based on his claim that Defendants engaged in the unauthorized practice of law in Minnesota due to Consilio Services' employment of attorneys who perform legal document review on behalf of Consilio Services' clients. Plaintiff's Third and Fourth causes of action alleging unauthorized practice of law under Delaware and Virginia law, are even more attenuated. Plaintiff performed no work in those states, suffered no injury, and does not plead any injury is imminent. Because Plaintiff does not—and cannot— establish any injury or imminent injury, these claims must be dismissed for lack of standing.

That Plaintiff purports to bring his Second Cause of Action on behalf of the public pursuant to the Minnesota Private Attorney General Act does not change this outcome; without identifying some actual or imminent injury, Plaintiff cannot proceed under the guise of protecting the public from nonexistent harm. Accordingly, even if Plaintiff had standing to pursue a claim against Defendants for the unauthorized practice of law, he fails to state a claim both because he has not alleged injury and because a ruling in his favor would serve no public benefit.

Finally, because Defendants do not maintain their headquarters or principal place of business in Minnesota, the Court has only specific personal jurisdiction over Defendants based on their business activities in this state. As a result, the Court cannot decide the claims of out-of-state plaintiffs against Defendants, pursuant to *Bristol-Meyers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). Accordingly, the Court should dismiss Plaintiff's claim asserted under the Fair Labor Standards Act (Count I) to the extent it purports to include individuals who worked for either Defendant outside of Minnesota in the putative collective.

### PROCEDURAL POSTURE

Plaintiff filed his Complaint on August 4, 2020, alleging claims for (1) failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"); (2) unauthorized practice of law, in violation of Minn. Stat. § 481.02 and the Minnesota Private Attorney General Statute, Minn. Stat. § 8.31, Subd. 3a ("Private AG Statute"); (3) declaratory judgment under Delaware law for alleged violation of the Delaware

Professional Service Corporation Act, 8 Del. Code § §601 *et seq*.; (4) declaratory judgment under Virginia law for alleged violation of the Virginia Professional Limited Liability Company Act, Va. Code §§ 12.1-1100 *et seq.*, 54.1-3902; (5) violation of the Minnesota Wage Theft Act, Minn. Stat. §§ 181.032(d)(4), (f), 181.177, Subd. 1 and 177.27; (6) violation of the Minnesota Overtime Statute, Minn. Stat. §§ 177.25 and 177.27, Subd. 8; and (7) failure to pay unpaid wages in violation of Minn. Stat. § 181.1001. Dkt. 1 ("Complaint").[1]

Plaintiff purports to bring his FLSA claim individually and on behalf of a proposed collective defined as:

> All persons who worked for Defendants as document reviewers or positions with similar job titles and/or duties *at any of Defendants' document review offices in the United States of America or remotely from their homes* who were denied overtime compensation and/or were classified by Defendants as exempt from the overtime requirements of the FLSA at any time on or after August 5, 2019.

Dkt. 1, ¶ 55 (emphasis added).

Plaintiff brings his unauthorized practice of law claim individually and on behalf the general public pursuant to the Private AG Statute. Dkt. 1, ¶ 106. He also seeks to represent a Rule 23 Minnesota Licensed Attorney Class ("Rule 23 MLA Class") defined as:

---

[1] Defendants do not seek to dismiss Plaintiff's causes of action based on Minnesota wage laws (Counts V, VI, and VII), nor do Defendants seek to dismiss Plaintiff's FLSA claim as to Plaintiff and any putative collective members who resided or worked in Minnesota. Defendants' Answer to Counts I, V, VI and VII is filed contemporaneously with this Motion to Dismiss. Defendants expressly reserve their right to challenge class or collective certification of these claims.

> All licensed attorneys who worked for Defendants as document reviewers or positions with similar job titles and/or duties at Defendants' Minnesota office or from their homes in Minnesota at any time on or after August 5, 2019.

Dkt. 1, ¶ 108. Plaintiff brings his claims for declaratory judgment under Delaware and Virginia law as an individual only. Dkt. 1, ¶¶148, 177.

### STATEMENT OF RELEVANT FACTS[2]

Defendant Consilio is a Virginia general limited liability company with its principal place of business in Washington, D.C. Dkt. 1, ¶ 20; Declaration of Michael Flanagan ("Flanagan Decl."), ¶¶ 3, 4. Consilio is not registered to do business in Minnesota. Dkt. 1, ¶ 22; Flanagan Decl., ¶ 5.

Defendant Consilio Services is incorporated in Delaware and has its principal place of business in Washington, D.C. Dkt. 1, ¶ 11, Flanagan Decl., ¶¶ 6, 7. Consilio Services is is registered as a foreign limited liability company in Minnesota. Dkt. 1, ¶ 7. Among its suite of end-to-end legal document and technology services, Consilio Services provides document review services to customers through a network of legal professionals ("document review attorneys"). Dkt. 1, ¶ 30; Flanagan Decl., ¶ 8. Consilio Services employs document review attorneys in approximately 40 states, including Minnesota. Flanagan Decl., ¶ 9.

---

[2] To the extent these facts are based on allegations in the Complaint, Defendant does not concede the truth or accuracy of Plaintiff's allegations but rather asserts that these facts, if true, are legally insufficient to establish Plaintiff's Second, Third, or Fourth causes of action against Defendant, nor to establish personal jurisdiction over Defendant with regard to the proposed collective in Count One.

Consilio Services employs Plaintiff as a document review attorney in Minnesota. Dkt. 1, ¶ 8(d).   Plaintiff alleges that the individuals he seeks to represent "perform electronic document review work also known as coding. Such work entails reviewing electronic documents against a checklist prepared by Defendants, then coding the document by marking off applicable items from the checklist." *Id.*, ¶ 33.   Plaintiff alleges both that the document review attorneys' work "does not constitute professional legal services" and, in direct contradiction, that by employing the document review attorneys Defendants are "daily engaged in the unauthorized practice of law." *Id.*, ¶¶ 64, 146. Plaintiff receives an hourly rate for his work. *Id.*, ¶ 35.   Plaintiff further alleges that, since August 5, 2019, Consilio Services has authorized Plaintiff and other Minnesota employees to work up to sixty hours in a work week, and pays straight-time hourly wages, overtime wages, and/or bonus compensation to employees who work more than forty hours in a workweek, depending on the specific customer project they are staffing. *Id*, ¶¶ 40, 43-45.

## ARGUMENT

## I.   PLAINTIFF LACKS STANDING TO BRING HIS CAUSES OF ACTION BASED ON THE UNAUTHORIZED PRACTICE OF LAW.

### A.   Standard of Dismissal Under Rule 12(b)(1)

The Court lacks subject matter jurisdiction over Plaintiff's unauthorized practice of law claims under Minnesota, Delaware and Virginia law because Plaintiff lacks standing to assert these claims.   "Article III standing is a threshold question in every federal court case." *United States v. Bearden*, 328 F.3d 1011, 1013 (8th Cir. 2003).   The party invoking the Court's subject matter jurisdiction bears the burden of establishing standing. *Id.*; *see*

*also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351

(1992); *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011).

A plaintiff has Article III standing when he establishes three elements. First, a

plaintiff "must have suffered an injury in fact." *Lujan*, 504 U.S. at 559. Second, "there

must be a causal connection between the injury and the" Defendants' conduct. *Id*. Third,

"it must be likely, as opposed to merely speculative, that the injury will be redressed by a

favorable decision." *Id*. (internal quotations omitted) (citations omitted). To satisfy the

"injury in fact" requirement at the pleading stage, Plaintiff must (1) allege a deprivation of

a legally protected interest, (2) that is "concrete" and "particularized" in the sense that the

alleged injury must affect Plaintiff in a "personal and individual way," and (3) that is

"actual" or "imminent, not conjectural or hypothetical." *Id.* at 560 n.1. Importantly,

"Article III standing requires a concrete injury even in the context of a statutory violation."

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Without standing, Plaintiff's claim

fails for lack of subject jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

**B.**     **Plaintiff Lacks Standing To Seek Declaratory Judgment Under Delaware and Virginia Law.**

Plaintiff purports to bring claims for declaratory judgment under Delaware and

Virginia law pursuant to 28 U.S.C. § 2201, which empowers Federal courts to issue

declaratory judgments in limited circumstances. However, that provision requires "a case

***of actual controversy within [this Court's] jurisdiction***" to be applicable. 28 U.S.C.

§ 2201(a) (emphasis added). Likewise, the Delaware declaratory judgment statute, 10 Del.

C. § 6501, empowers "courts of record ***within their respective jurisdictions***" to enter

declaratory judgements.  (Emphasis added).  Virginia's statute is similarly restricted.  Va. Stat. § 8.01-184 ("In *cases of actual controversy*, circuit courts *within the scope of their respective jurisdictions* shall have power" to enter declaratory judgments) (emphasis added).  On their face, none of these statutes confers jurisdiction to the U.S. District Court in Minnesota to enter declaratory judgment controlling Defendants in Delaware or Virginia, in the absence of an actual controversy in those states (or, for that matter, in Minnesota).

Indeed, like every action before a court of law, a declaratory judgment proceeding must present an actual, justiciable controversy between the parties.  *See Rollins Int'l, Inc. v. Int'l Hydronics Corp.,* 295 A.2d 592, 593 (Del. Ch. 1972), *aff'd*, 303 A.2d 660 (Del. 1973) ("The existence of an actual controversy between the parties is a jurisdictional requirement") (internal citations omitted); *Charlottesville Area Fitness Club Operators Ass'n v. Albemarle Cty. Bd. of Sup'rs*, 285 Va. 87, 98, 737 S.E.2d 1, 6–7 (2013) (A justiciable controversy is one "where specific adverse claims, based upon present rather than future or speculative facts, are ripe for judicial adjustment") (citing Va. Code § 8.01-184)).[3]

Here, Plaintiff does not identify any tangible controversy between himself and Defendants in Delaware or Virginia in support of his claims for declaratory relief under Delaware and Virginia law.  He merely alleges that Defendant Consilio Services is not

---

[3] In Minnesota, it is well settled that "a complaint requesting declaratory relief must present a substantive cause of action that would be cognizable in a nondeclaratory suit." *Weavewood, Inc. v. S & P Home Investment, LLC,* 821 N.W.2d 576, 579 (Minn. 2012) (internal quotation omitted).

incorporated as a professional service corporation in Delaware, and that Defendant Consilio is not incorporated as a professional limited liability company in Virginia. Dkt. 1, ¶¶ 151, 182. From there, Plaintiff relies on unsupported hypothetical leaps to attempt to connect the legal document review work he performs as a Consilio Services employee in Minnesota to an attenuated theory that he is somehow engaged in the unauthorized practice of law in Delaware and Virginia based on those states' attorney rules of professional conduct and statutes governing professional incorporation. *See* Dkt. 1, ¶¶ 148-207. Specifically, Plaintiff alleges that he is "***at risk*** of complaints and charges of engaging in the unauthorized practice of law" in Delaware and Virginia because Consilio Services is incorporated in Delaware and Consilio is incorporated in Virginia and that he is "at risk" of a variety of complaint, potential discipline and potential criminal charges.[4] Dkt. 1, ¶¶ 162, 166, 169-170, 175, 177, 193, 197, 200-202, 206.

Plaintiff's chosen language indicating that he is allegedly "at risk" of complaints and charges in Delaware and Virginia highlights that his claims under Delaware and Virginia law are nothing more than his speculative forecasts of potential alleged injuries that have not occurred. Plaintiff also makes no attempt to plead facts to suggest that such injuries are imminent or likely to occur.

It is Plaintiff's burden to establish the existence of an actual case or controversy on which this Court could rule. His repeated claims that he is at risk of potential harm based

---

[4] In Virginia, Plaintiff's claim is even more attenuated, as Consilio is not Plaintiff's employer. Flanagan Decl., ¶ 10. Plaintiff has virtually no connection to the state of Virginia through his employment with Consilio Services, and certainly not a connection capable of causing him actual or imminent injury.

almost entirely on the existence of applicable laws and without factual support beyond the bare facts of Defendants' incorporation status, do not satisfy this burden.  There is no existing case or controversy between Plaintiff and Defendants under the laws of Delaware or Virginia, and these claims must be dismissed.  *See Rollins*, 295 A.2d at 593 *Charlottesville Area Fitness Club Operators Ass'n*, 737 S.E.2d at 6–7.

### C. Plaintiff Alleges No Injury-In-Fact To Support His Second Cause of Action For The Unauthorized Practice of Law.

Plaintiff's claim that he is engaged in the unauthorized practice of law in Minnesota fares no better. In Minnesota, "[a] justiciable controversy exists if the claim (1) involves definite and concrete assertions of right that emanate from a legal source, (2) involves a genuine conflict in tangible interests between parties with adverse interests, and (3) is capable of specific resolution by judgment ***rather than presenting hypothetical facts*** that would form an advisory opinion." *Onvoy, Inc. v. ALLETE, Inc.,* 736 N.W.2d 611, 617-18 (Minn. 2007) (emphasis added).

As with his out-of-state claims, Plaintiff fails to establish any existing or imminent injury to himself which would confer standing to pursue this claim on an individual or class basis, nor on behalf of the public.  In support of his claim that Defendants are engaged in the unauthorized practice of law in Minnesota, Plaintiff attempts to allege he and the Rule 23 MLA Class he seeks to represent have been "affected by Defendants' position that such employees are actively engaged in the practice of law." Dkt. 1, ¶ 109.  Missing from his Complaint is ***any*** allegation of specific injury he has suffered, or that he is in "imminent,

not conjectural or hypothetical" danger of suffering as a result of the alleged unauthorized practice of law in Minnesota. *See Lujan*, 504 U.S. at 560.

In the absence of any existing or imminent injury, Plaintiff instead pleads "Defendants' *per se* violations of Minnesota's detailed legislative and regulatory scheme governing the practice of law ***place Plaintiffs at risk*** for professional disciplinary actions and misdemeanor charges by engaging in the unauthorized practice of law, thereby causing injury to Plaintiffs." Dkt. 1, ¶ 132 (emphasis added). Similarly, Plaintiff alleges Defendants' conduct in Minnesota places Plaintiff "***at risk***" of hypothetical charges based on the Minnesota Rules of Professional Conduct, including "charges of improperly sharing attorney fees with non-lawyers," "charges of practicing law with Defendants whose managers include nonlawyers," and "charges such as failure to exercise independent judgment". Dkt. 1, ¶¶ 140-43 (emphasis added). While Plaintiff vaguely claims to be "at risk," he does not provide any factual support—beyond the mere existence of the Rules of Professional Conduct—to establish his standing to bring this claim. Because he has not identified actual injury-in-fact, or plead facts to suggest such an injury is imminent, a decision in Plaintiff's favor on this claim would not redress any actual harm and would constitute an improper advisory opinion. He therefore lacks standing. *See Onvoy*, 736 N.W.2d at 617-18.

Without personal standing, Plaintiff cannot represent a class. *See Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019) ("[F]ederal courts lack jurisdiction if no named plaintiff has standing."); *In re SuperValu, Inc.*, 870 F.3d 763, 768 (8th Cir. 2017) (same); *In re Packaged Ice Antitrust Litig.*, 779 F. Supp. 2d 642, 653 (E.D. Mich. 2011) (dismissing all

state law claims for which the named plaintiff lacked standing). Plaintiff has not established he experienced any injury as a result of Defendants' alleged unlawful practice of law, and cannot proceed on behalf of a class for the same reason.

## II. PLAINTIFF FAILS TO STATE A CLAIM BASED ON UNAUTHORIZED PRACTICE OF LAW.

Even if Plaintiff could establish standing to pursue a claim for the unauthorized practice of law, he still fails to state a claim upon which relief could be granted. His claim fails on this additional, alternate basis.

### A. The Legal Standard Applicable to Defendant's Motion to Dismiss for Failure to State a Claim.

A "dismissal under Rule 12(b)(6) serves to eliminate actions which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the nonmoving party's pleadings, and the motion should be granted if a complaint does not "state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint "must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . , rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517,

521 (8th Cir. 2007).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  *See Twombly,* 550 U.S. at 555.

### B.    Plaintiff Fails to State a Claim For The Unauthorized Practice of Law.

It is a misdemeanor to engage in the unauthorized practice of law in Minnesota, and the "public and private penalties and remedies in [the Private AG Statute] apply" to violations.  Minn. Stat. § 481.02, Subd. 8(c); *HomeStar Prop. Solutions, LLC v. Safeguard Prop., LLC*, No. 14-CV-4531 (SRN/SER), 2016 WL 526213, at *4 (D. Minn. Feb. 9, 2016). To state a claim for violation of Section 481.02 pursuant to the Private AG Statute, Plaintiff must allege (1) injury; (2) causation; and (3) a public benefit if his claim is successful.  *Id.*; *Grp. Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 11, 13 (Minn. 2001) (the Private AG Statute "authorizes a damages action only by someone injured *by* a violation") (emphasis in original).  Plaintiff cannot establish that he experienced any injury caused by Defendants' alleged unauthorized practice of law, nor can he establish a public benefit if he succeeds on this claim.  Therefore, he fails to state a claim against Defendants for the unauthorized practice of law.

#### 1.    Plaintiff Has Suffered No Injury Caused By Defendants' Alleged Unauthorized Practice of Law.

Even when purporting to act on behalf of a class or for the benefit of the public, Plaintiff must articulate ***his own injury*** caused by the alleged unlawful conduct in order to state a claim.  Minn. Stat. § 8.31, Subd. 3a.  The Private AG Statute provides that "any person injured" by the laws it covers may bring an action on behalf of the public.  *Id.*; *Bykov v. Radisson Hotels Int'l, Inc.*, No. CIV.05-1280 ADM/JSM, 2006 WL 752942, at *4

(D. Minn. Mar. 22, 2006), aff'd, 221 F. App'x 490 (8th Cir. 2007) (Private AG Statute "confers a private right of action on any person injured by a violation of" the covered laws); *Engstrom v. Whitebirch, Inc.*, 931 N.W.2d 786, 790 n. 5 (Minn. 2019) ("private plaintiffs injured" under the covered statutes "are authorized to sue for the violations."); *Group Health Plan, Inc. v. Phillip Morris Inc.,* 621 N.W.2d 2, 12 (Minn. 2001) (to bring a public action under the Private AG Statute, a plaintiff must "plead that the defendant engaged in conduct prohibited by the statutes and that the plaintiff was damaged thereby.")  As set forth above, Plaintiff has not alleged any actual injury to himself as a result of Defendants' alleged unauthorized practice of law in Minnesota.  *See* Dkt. 1, ¶¶ 109, 132, 140-43 (generally claiming to be "at risk" of hypothetical injury).

Seeking injunctive relief, as Plaintiff does, does not relieve him of his duty to establish actual or imminent injury.  Indeed, in order to state a claim for injunctive relief under the Private AG Statute, a plaintiff still must allege his own "irreparable injury." *Johnson v. Bobcat Co.*, 175 F.Supp.3d 1130, 1140 (D. Minn. Mar. 30, 2016) (dismissing claim for injunctive relief under the Private AG Statute due to the named plaintiff's failure to allege personal irreparable injury or threat of future harm) (citing *Buetow v. A.L.S. Enter., Inc.*, 650 F.3d 1178, 1184–85 (8th Cir. 2011)).  "An injury to the plaintiff is irreparable if it is ***certain and great and of such imminence*** that there is a clear and present need for equitable relief."  *Id.* (emphasis added) (citing *Iowa Utils. Bd. v. F.C.C.,* 109 F.3d 418, 425 (8th Cir. 1996); *Perkins v. Metro. Council, Metro HRA*, 21 F. Supp. 3d 1006, 1011 (D. Minn. 2014)).  In *Johnson*, the court expressly found the plaintiff "must allege irreparable injury or threat of future harm to **himself**, which he has not done."  *Id.*

13

(emphasis in original).  Plaintiff has made no attempt to allege that any potential future injury he is allegedly "at risk" of suffering is certain or imminent.  As a result, his claim fails because he has not alleged an actual or imminent injury.  *Id.*

### 2.    Plaintiff's Claim Does Not Allege A Public Benefit.

"[T]o bring a civil claim for the unauthorized practice of law, a plaintiff must allege a public benefit, or other facts and allegations which allow such a benefit to be inferred." *HomeStar*, 2016 WL 526213, at *3 (finding failure to establish the necessary public benefit for an unauthorized practice of law claim); *Engstrom*, 931 N.W.2d at 790 n. 5 (Minn. 2019) ("In addition to proving injury from the violations, plaintiffs who bring claims under the private attorney general statute must also demonstrate that their cause of action benefits the public.") (quoting *Ly v. Nystrom,* 615 N.W.2d 302, 314 (Minn. 2000)).

In determining whether there is a public benefit, "the following factors are relevant: [1] [t]he degree to which the defendants' alleged misrepresentations affected the public; [2] the form of the alleged representation; [3] the kind of relief sought; and [4] whether the alleged misrepresentations are ongoing."  *HomeStar*, 2016 WL 526213, at *3 (citing *Khoday v. Symantec Corp.*, 858 F. Supp. 2d 1004, 1017 (D. Minn. 2012); *Liberty Mut. Fire Ins. Co. v. Acute Care Chiropractic Clinic P.A.,* 88 F. Supp. 3d 985, 1011 (D. Minn. 2015); *In re Levaquin Products Liab. Litig.*, 752 F. Supp. 2d 1071, 1076 (D. Minn. 2010). Analysis of these factors reveals favorable resolution of Plaintiff's Complaint would not confer a benefit to the public.

a.      **Plaintiff Does Not Allege Defendants' Actions Have Affected The Public.**

Regarding the first factor, Plaintiff has not made any concrete allegation that Defendants' alleged unlawful practice of law has any effect on the public. Instead he summarily states only that "The public is injured daily by Defendants' unauthorized practice of law" and that Defendant's "per se violations [of the MPFA and MPRC]" cause "injury [to] Plaintiffs and the public." Dkt. 1, ¶ 146. These conclusory allegations do not state a claim. *See Select Comfort Corp. v. Tempur Sealy Intern'l, Inc.*, 11 F. Supp. 3d 933, 939 (D. Minn. 2014) (In a Private AG Statute claim based on false advertising, finding plaintiff's "general and conclusory allegations that the public would benefit from its action" insufficient to support finding a public benefit.) Plaintiff's conclusory allegations of "per se" violations, supported by voluminous paragraphs merely setting forth applicable laws (*See, e.g.*, Dkt. 1, ¶¶ 121-143), do not constitute facts sufficient to establish public injury.

b.      **While Ongoing, Defendants' Alleged Conduct Is Not A Severe Form of Violation Causing Harm to The Public.**

Distilled, Plaintiff's allegation is that Defendants continually engage in the unauthorized practice of law solely via classifying document review attorneys as legal professionals pursuant to the FLSA. *See* Dkt. 1, ¶¶ 118-120. In other words, Plaintiff's Complaint is a dressed-up attempt to address a purely private dispute he has against his employer, based on his classification as an exempt employee for overtime purposes. *Id*. While the allegation doubtless is important to Plaintiff, there is no cognizable argument that this form of statutory violation, if true, causes the level of harm to the public envisioned

by the Private AG Statute.  *Cf. In re Levaquin*, 752 F. Supp. 2d at 1079 (finding a public benefit where plaintiff's suit would address allegedly inadequate drug warning labels); *Kinetic Co. v. Medtronic, Inc.,* 672 F. Supp. 2d 933, 946 (D. Minn. 2009) (finding public benefit where plaintiff's complaint alleged 87,000 defibrillators were implanted with lethal defects without informing consumers).   Moreover, redressing a "one-on-one misrepresentation or other offense purely between private parties does not create a public benefit."  *See Summit Recovery LLC v. Credit Card Reseller, LLC*, No. No. 08-cv-5273 (DSD/JSM), 2010 WL 1427322, at *5 (D. Minn. Apr. 9, 2010) (citing *Ly*, 615 N.W.2d at 314).  Defendants' alleged conduct, compensating Plaintiff as a legal professional under the FLSA, does not create the level of public harm intended to be redressed by the Private AG Statute, and resolving the claim in Plaintiff's favor would not create the public benefit envisioned by the statute.

> **c.    Plaintiff Primarily Seeks Relief On Behalf Of Himself And The Putative Class, Not The Public.**

Next, to determine whether a lawsuit is for the public benefit, courts assess the relief sought by the plaintiff.  *In re Levaquin*, 752 F.Supp.2d at 1077 (collecting cases).  Where plaintiffs seek only damages, courts typically find no public benefit.  *Id.*  Nonetheless, the lack, or inclusion, of a prayer for injunctive relief is not dispositive.  *Id.; HomeStar*, 2016 WL 526213, at *4 (finding that although the claimant requested injunctive relief, it failed to structure that relief "in a way that would create a larger public benefit.")

Here, Plaintiff seeks: (1) "An order enjoining Defendants from engaging in any legal services in Minnesota until Defendants are properly registered with the Minnesota

Secretary of State and comply with the requirements of the Minnesota Board of Professional Responsibility."; (2) "Judgment and order for equitable restitution for Defendants to disgorge all fees collected from Defendants' clients and earned through Plaintiffs' services in Minnesota to Defendants, returning said fees to Plaintiffs and class members in accordance with time billed."; (3) special damages to Plaintiffs "for injury to personal and professional reputations as lawyers and officers of the court"; (4) special damages to Plaintiffs for costs, expenses, and attorney fees "to defend any action against Plaintiffs for allegedly engaging in the unauthorized practice of law"; and (5) costs and attorneys' fees incurred in this action. Dkt. 1, p. 29 (Count II Prayer For Relief).

As set forth above, Plaintiff's claim for injunctive relief fails due to his lack of actual or imminent injury. *Johnson*, 175 F.Supp.3d at 1140. To the extent he seeks relief which could actually be granted if the Court decided in his favor, Plaintiff's prayer for relief otherwise seeks a windfall flowing to Plaintiff, rather than being structured "in a way that would create a larger public benefit." *HomeStar*, 2016 WL 526213, at *4. This factor does not weigh in favor of finding a public benefit.

Plaintiff has failed to allege a public benefit flowing from the resolution of his claim against Defendants for the unauthorized practice of law, based solely on Defendants' classification of its document review attorneys as exempt legal professionals. In the absence of both a personal injury-in-fact and any measurable benefit to the public, Plaintiff fails to state a claim against Defendants for the unauthorized practice of law. This claim should be dismissed pursuant to Rule 12(b)(6).

III.    **THIS COURT LACKS PERSONAL JURISDICTION OVER PLAINTIFF'S FIRST CAUSE OF ACTION WITH RESPECTIVE PUTATIVE COLLECTIVE MEMBERS WHO WORKED FOR DEFENDANTS OUTSIDE OF MINNESOTA.**

This court lacks personal jurisdiction over Defendant as to claims in this action by individuals who did not work for Defendants in Minnesota.  In *Bristol-Meyers Squibb Co. v. Superior Court*, the U.S. Supreme Court explained that a connection must exist between the forum state and the underlying controversy in order for a forum court to exercise personal jurisdiction over a non-resident defendant.  Two types of personal jurisdiction exist, general personal jurisdiction and specific personal jurisdiction.  137 S. Ct. 1773, 1779-80 (2017) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  A court with general personal jurisdiction over a defendant may hear any claim against it, even if the events giving rise to the claim occurred in a different state.  *Id.* For an individual defendant, courts in the defendant's state of domicile may exercise general jurisdiction.  *Id.*  For a corporation, "it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.*

Specific personal jurisdiction is far more limited—a court with specific personal jurisdiction over a defendant may hear only claims that arise out of or relate to the defendant's contacts with the forum state.  *Id.*  "There must be an affiliation between the forum and the underlying controversy, principally an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation."  *Id.* (citation omitted).  This is true even if the claims of nonresidents are similar to the claims of residents.  *Id.* 1783-84.  If there is no such specific connection, the forum court lacks

18

personal jurisdiction over the defendant.  *Id.* ("What is needed—and what is missing here—is a connection between the forum and the specific claims at issue.").  If such a connection exists, then the forum court has jurisdiction only over claims arising out of the connection with the forum state.  *Id.* at 1779-80.

Judge Magnuson recently held, on a motion for conditional certification pursuant to Section 216(b) of the FLSA, that *Bristol-Meyers* applies to FLSA collective actions, and operates to preclude the claims of out-of-state plaintiffs against non-resident defendants due to lack of jurisdiction.  *Vallone v. CJS Sols. Grp., LLC*, 437 F. Supp. 3d 687, 690–91 (D. Minn. 2020) (denying certification as to workers who did not work or reside in Minnesota).

While *Vallone* addressed the issue at the collective certification stage, other courts have reached the same conclusion on a motion to dismiss.  For example, in *Canaday v. Anthem Companies, Inc.*, No. 119CV01084STAJAY, 2020 WL 529708 (W.D. Tenn. Feb. 3, 2020), the named plaintiff brought FLSA claims on behalf of herself and a nationwide collective of nurses, fewer than 100 of whom worked for the defendant in the forum state (Tennessee).  The defendant moved to dismiss the claims of out-of-state opt-in plaintiffs for lack of a connection to the forum state.  The Court agreed with the defendant, limited the collective to individuals with a connection to the forum state, and dismissed the consent forms of individuals whose claims lacked a connection to the forum state.  The Court held that, "[b]ecause Defendant is not subject to general jurisdiction in Tennessee, the exercise of personal jurisdiction in this case requires each opt-in plaintiff to demonstrate that her claim arose from or is sufficiently related to Defendant's conduct/activity within

Tennessee." *Id.* at *5-6. The Court dismissed the claims of individuals who had joined the action but could not demonstrate such a connection. *See id.*

Likewise, in *Rafferty v. Denny's, Inc.*, No. 5:18-CV-2409, 2019 WL 2924998 (N.D. Ohio July 8, 2019), the plaintiff alleged that the defendant improperly compensated her and a nationwide collective of restaurant workers, only some of whom worked for the defendant in the forum state (Ohio). The defendant sought "dismissal for lack of personal jurisdiction of the FLSA claims of any putative collective members not arising from employment by Denny's in Ohio." *Id.* at *2. The Court granted the defendant's motion, noting that it is the plaintiff's burden to establish the existence of personal jurisdiction, and "personal jurisdiction must be proper as to each claim." *Id.* Further, the Court recognized that "restrictions on personal jurisdiction 'are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States.'" *Id.* at *7 (citing *Bristol-Meyers*, 137 S. Ct. at 1780).

> Due process, as an instrument of interstate federalism, requires a connection between the forum and the specific claims at issue. This recognition bars nationwide class actions in fora where the defendant is not subject to general jurisdiction. Whether it be an individual, mass, [collective], or class action, the defendant's rights should remain constant. The constitutional requirements of due process do not wax and wane when the complaint is individual or on behalf of a class [or collective]. Personal jurisdiction in class [and collective] actions must comport with due process just the same as any other case.

*Id.* (quotations and citations omitted; alterations in original). Accordingly, the court dismissed the claims of all individuals with no connection to the forum state. *Id.*; *see also Szewczyk v. United Parcel Serv., Inc.*, No. CV 19-1109, 2019 WL 5423036, at *7 (E.D. Pa. Oct. 22, 2019) (granting motion to dismiss due to lack of specific or general jurisdiction in

connection with FLSA claim); *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 850–51 (N.D. Ohio 2018) ("The Court finds that *Bristol-Myers* applies to FLSA claims, in that it divests courts of specific jurisdiction over the FLSA claims of non-Ohio plaintiffs against Reliable."); *Pettenato v. Beacon Health Options, Inc.*, No. 19CV1646JPOBCM, 2019 WL 5587335, at *6 (S.D.N.Y. Oct. 25, 2019) ("I decline to conditionally certify a nationwide collective action.  I conclude that, in light of [*Bristol-Meyers*], this Court may not exercise specific personal jurisdiction over the FLSA claims of out-of-state plaintiffs against these defendants."); *Turner v. Utiliquest, LLC*, 3:18-cv-00294 (M.D. Tenn. July 16, 2019); *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43 (D. Mass. 2018).

The Court should adopt Judge Magnuson's reasoning in *Vallone* and dismiss Plaintiff's FLSA claim to the extent it would apply to putative collective members who worked for Defendants outside of Minnesota.   The Court can only assert specific jurisdiction over Defendants since neither Defendant is domiciled in Minnesota.  *See Bristol-Meyers*, 137 S. Ct. at 1780; *Vallone*, 437 F. Supp. 3d at 690–91.  Defendant Consilio is incorporated in Virginia and maintains its principal place of business in Washington, D.C.  Consilio is not registered to do business in Minnesota.  Defendant Consilio Services is incorporated in Delaware, has its principal place of business in Washington D.C., and is registered as a foreign limited liability company in Minnesota. As a result, the Court can only hear claims against Defendants from Plaintiffs who are residents in Minnesota and the Court should, therefore, dismiss Plaintiff's FLSA claim to the extent it seeks to include individuals who reside outside of Minnesota and who worked

for Defendants outside of Minnesota in the putative collective. *See Bristol-Meyers*, 137 S. Ct. at 1780; *Vallone*, 437 F. Supp. 3d at 690–91; *Canaday*, 2020 WL 529708, at \*5-6; *Rafferty*, 2019 WL 2924998, at \*2, 7; *see also Szewczyk*, 2019 WL 5423036, at \*7; *Maclin*, 314 F. Supp. 3d at 850–51; *Pettenato*, 2019 WL 5587335, at \*6.

## <u>CONCLUSION</u>

Based on the foregoing, Plaintiff lacks standing to pursue Counts II, III, and IV of the Complaint, and those claims are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).  Additionally and in the alternative, Count II fails to state a claim on which relief can be granted, and is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  Finally, Count I must be dismissed as to all putative collective members who did not reside or work for Defendants in Minnesota, pursuant to Federal Rule of Civil Procedure 12(b)(2).

Date: September 11, 2020

*s/ John H. Lassetter*

John H. Lassetter (#0389009)
**LITTLER MENDELSON, P.C.**
1300 IDS Center
80 South 8th Street
Minneapolis, MN  55402.2136
Telephone: 612.630.1000

4850-3106-8617.1 085129.1003