UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-1689 (DSD/HB)

Bruce C. Cohen, as individually,
as private attorney general, and
on behalf of similarly situated
individuals,

        Plaintiffs,

v.                                          ORDER

Consilio LLC, and
Consilio Services, LLC,

        Defendants.


Earl Singh, Esq. and Singh Advisors, LLC, 842 Raymond Avenue, Suite 200, St. Paul, MN 55114, counsel for plaintiffs.

John H. Lassetter, Esq. and Littler Mendelson, PC, 80 South 8th Street, Suite 1300, Minneapolis, MN 55402, counsel for defendants.


This matter is before the court upon plaintiff Bruce Cohen's motions for leave to amend the complaint and defendants Consilio LLC's and Consilio Services, LLC's[1] motion to dismiss. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motions to amend and grants the motion to dismiss in part.

---

[1] The court will refer to defendants collectively as Consilio unless a finer distinction is required.

## BACKGROUND

This dispute arises out of Cohen's employment with Consilio as document reviewer in Consilio's Minneapolis Office.[2] Compl. ¶¶ 8, 10, 28, 31, 33. Consilio provides document review services for legal clients, which includes coding electronic documents. Id. ¶¶ 30, 32. Consilio LLC is a Virginia general limited liability company with its principal place of business in Washington, D.C. Id. ¶ 20. Consilio Services is a Delaware limited liability company with its principal place of business in Washington, D.C. Id. ¶ 11. Consilio employs document review attorneys in about forty states, including Minnesota, and has approximately fifteen document review centers and 2,500 employees nationwide. Id. ¶¶ 9, 146; Flanagan Decl. ¶ 9. Consilio Services is registered to do business in Minnesota as a foreign limited liability company and has a registered agent, but is not registered to practice law here. Compl. ¶ 7, 14. Consilio rents an office and equipment in Minnesota and has sixty-five document review employees here. See id. ¶¶ 8-9.

Before August 5, 2019, Consilio paid document reviewers for overtime work. Id. ¶¶ 35, 37. Thereafter, Consilio instituted a new overtime policy – without notifying its employees - that exempted document reviewers from overtime pay. See id. ¶¶ 38-48.

---

[2] Defendants move to dismiss counts I-IV of the complaint. The court will only include facts relevant to those claims.

Cohen, and other similarly situated employees nationwide, allege that Consilio is still obligated to pay them overtime, despite the change in policy. Id. ¶¶ 43-49. Consilio believes that document review work constitutes professional legal services, which are exempt from overtime requirements. Id. ¶¶ 64, 119, 159, 190.

Based on Consilio's position, Cohen asserts that his work as a document reviewer constitutes the unauthorized practice of law in Minnesota, Delaware, and Virginia. See id. ¶¶ 109, 120, 159-62, 190-93. Cohen is a licensed attorney but is not licensed to practice law in any of those states.[3] Id. ¶¶ 117, 161, 172, 192. Cohen alleges that Consilio engaged in the unauthorized practice of law, split attorney fees with non-attorneys, formed an association of attorneys and non-attorneys, and allowed non-attorneys to control and direct attorney work. See id. 110-11, 131-32, 140, 142-43, 162, 166, 169-71, 174-75, 193, 197, 200-02, 205-06. Cohen argues that he "may [be] subject[ed] to," "faces potential," or is "at risk" for professional disciplinary actions, complaints, misdemeanor charges, and professional conduct rule violations. See id.

---

[3] Cohen alleges that he effectively practiced law in Delaware and Virginia because Consilio is based there. See id. ¶¶ 148-207. But he does not allege that he personally engaged in the practice of law in either state. As such, the court will focus on Cohen's allegations vis-à-vis Minnesota, where he worked.

3

On August 4, 2020, Cohen commenced this suit, alleging that Consilio violated the Fair Labor Standards Act (FLSA) and engaged in – and required him to engage in - the unauthorized practice of law.  In count I, he asserts a nationwide FLSA collective class for all Consilio document reviews who were classified as exempt from FLSA's overtime requirements.  Id. ¶ 55.  In count II, Cohen asserts a Rule 23 class action on behalf of Minnesota document reviewers under the Minnesota private attorney general statute, the Minnesota Professional Firms Act (MPFA), and Minnesota's unauthorized practice of law statute.  Id. ¶¶ 106-47.  In counts III and IV, Cohen seeks declaratory relief based on the unauthorized practice of law under Delaware and Virginia law.  Id. ¶¶ 149-207.  On September 11, 2020, defendants moved to partially dismiss the complaint.

In February 2021, Cohen filed two motions to amend the complaint.[4]  See ECF Nos. 26, 28.  In the operative proposed amended complaint, Cohen seeks to add two new claims.  First, he seeks to assert a negligence claim based on Consilio's violation of the Minnesota unauthorized practice of law statute.  Am. Compl. ¶¶ 262-305, ECF No. 28-2.  He does so individually and on behalf of the

---

[4] Cohen filed two motions to amend, but only the second motion contains the copy and redlined version of his proposed amended pleading, as required by Local Rule 15.1(b).  The court reviews the motions in tandem and relies on the attached proposed pleadings filed with the second motion.  See ECF No. 28; see also ECF No. 30 (detailing proposed exhibits to the amended complaint).

public interest under the Minnesota private attorney general statute. Id. ¶ 262, ECF No. 28-2. Second, Cohen seeks to add a fraud in the inducement claim, on his own behalf and that of the public. Id. ¶ 306. Cohen alleges that during the hiring process, Consilio expressly told him that document review work was not considered the practice of law, and that he otherwise would not have accepted the position. Id. ¶¶ 308-15.

In addition to the new claims, Cohen includes factual allegations regarding his October 20, 2020, complaint to the Minnesota Office of Lawyers Professional Responsibility (OLPR). Id. ¶ 147; see also id. Ex. I, ECF No. 30-9. In that complaint, Cohen's counsel referenced this lawsuit and reported that Consilio is not properly registered to practice law in Minnesota. See Am. Compl. Ex. I. The OLPR declined to investigate the complaint due to this pending litigation, but will permit Cohen to resubmit the complaint once this case is resolved. Am. Compl. Ex. K, at 2, ECF No. 30-11. Additionally, Cohen now alleges that as of November 18, 2020, Consilio LLC is registered to do business in Minnesota as a foreign limited liability company and has a registered agent here. Am. Compl. ¶¶ 4, 9i, 22, 129, 214, 232, 286. Defendants oppose the amendments as futile and prejudicial.

**DISCUSSION**[5]

**I. Personal Jurisdiction**

The threshold issue presented is whether the court has personal jurisdiction over Consilio LLC and Consilio Services.[6] To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must establish a prima facie case that the forum state has personal jurisdiction over the defendant. See Stevens v. Redwing, 146 F.3d 538, 543 (8th Cir. 1998) (citations omitted). In the absence of an evidentiary hearing, the court "must look at the facts in the light most favorable to the nonmoving party and resolve all factual conflicts in favor of that party." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991) (citations omitted). The court "may look beyond the pleadings to determine whether personal jurisdiction exists, including reviewing affidavits and other exhibits." Pederson v. Frost, 951 F.3d 977, 979 (8th Cir. 2020) (citation omitted).

Cohen argues that defendants consented to personal jurisdiction in Minnesota because they are registered to do

---

[5] Both parties make the same or similar legal arguments in their briefing for both motions. To avoid duplicity, the court addresses the similar legal issues together. The court necessarily resolves the issues as applied to the proposed amended complaint and then applies the court's finding to the complaint. See Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002).

[6] This issue arose out of Consilio's argument that the court did not have personal jurisdiction over the out-of-state document reviewer's FLSA claims.

business, have a registered agent, and maintain an office here.[7] Consilio seems to concede that the court has general jurisdiction over both entities. See ECF No. 20, at 12 ("Defendants have not argued that the Court does not have subject matter jurisdiction over Plaintiff's FLSA claim, nor have Defendants challenged the Court's general jurisdiction over Defendants."). Indeed, "it is well-established that consent is an independent basis for the exercise of personal jurisdiction." Am. Dairy Queen Corp. v. W.B. Mason Co., Inc., No. 18-cv-693, 2019 WL 135699, at *3 (D. Minn. Jan. 8, 2019) (citing Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982)). The Eighth Circuit Court of Appeals and the Minnesota Supreme Court have held that business entities that register and have an agent for service of process in Minnesota have consented to general jurisdiction in this state. See Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196, 1200 (8th Cir. 1990); Rykoff-Sexton, Inc. v. Am. Appraisal Assocs., Inc., 469 N.W. 2d 88, 90-91 (Minn. 1991); see also ResCap Liquidating Tr. v. LendingTree, LLC, No. 19-cv-2360, 2020 WL 1317719, at *5-6 (D. Minn. Mar. 20, 2020), appeal dismissed, No. 20-1736, 2020 WL 9171124 (8th Cir. Oct. 21, 2020) (finding that a

---

[7] The court takes judicial notice of the fact that Consilio LLC is registered to do business in Minnesota as of November 18, 2020. See Minnesota Secretary of State Business Record Details, https://mblsportal.sos.state.mn.us/Business/SearchDetails?filingGuid=f3becd85-d229-eb11-91a6-00155d32b905.

7

foreign LLC consented to general personal jurisdiction by registering to do business and appointing an agent for service in Minnesota).[8] As a result, the court has general jurisdiction over Consilio.

## II. Standing

Consilio argues that Cohen lacks standing to bring claims for the unauthorized practice of law because he has not suffered an injury in fact. Cohen responds that he has been injured because Consilio exposed him to civil and criminal liability by requiring him to engage in the unauthorized practice of law. In the proposed amended complaint, he alleges that he self-reported his unauthorized practice of law to the OLPR, which could result in sanctions. Even considering Cohen's new allegations, the court agrees with Consilio.

Standing is based on the case and controversy requirements of Article III of the Constitution. See U.S. Const. art. III. "The party invoking federal jurisdiction bears the burden of establishing [standing]." Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). A plaintiff must allege (1) an injury, (2) "fairly traceable to the defendant's alleged conduct," that is (3)

---

[8] Because the court has general jurisdiction over Consilio, its specific jurisdiction argument is moot. See Wells Dairy, Inc. v. Food Movers Int'l, Inc., 607 F.3d 515, 518 (8th Cir. 2010) ("Personal jurisdiction may be established by general jurisdiction or specific jurisdiction ....").

8

"likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984). The injury in fact must be "a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560 (internal citations and quotations omitted). "Article III standing requires a concrete injury even in the context of a statutory violation." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1549 (2016).[9]

Here, Cohen does not allege – in his original complaint or his proposed amended complaint – actual or imminent injury relating to the unauthorized practice of law. He argues that he has suffered damage to his professional reputation because he faces potential disciplinary action. But there are no criminal, civil, or professional disciplinary charges pending against him or his fellow document reviewers. His contention that disciplinary conduct may result "at some indefinite future time" does not meet the level of imminence required. See Lujan, 504 U.S. at 564 n.2;

---

[9] Additionally, the Minnesota private attorney general statute and the various other statutes at issue require plaintiffs to have standing in order for the court to order relief. See Minn. Stat. § 8.31, subdiv. 3a ("[A]ny person injured by a violation [under subdivision 1] may bring a civil action ...."); 28 U.S.C. § 2201 (requiring "a case of actual controversy within [the court's] jurisdiction"); Del. Code tit. 10, § 6501 ("[C]ourts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations ...."); Va. Stat. § 8.01-184 ("In cases of actual controversy, circuit courts within the scope of their respective jurisdictions shall have power to make [declaratory judgments] ....").

9

see also Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013) (internal quotations, citations, and brackets omitted) ("[T]hreatened injury must be certainly impending to constitute injury in fact, and ... allegations of possible future injury are not sufficient.").

Cohen cites In re Otterness, 232 N.W. 318 (Minn. 1930), and In re Estate of Overton, 417 N.W.2d 653 (Minn. Ct. App. 1988), for the proposition that potential harm to professional reputation is sufficient to confer standing. Both cases are inapposite, however. Otterness involved an attorney disciplinary hearing before the Minnesota Supreme Court that did not address standing. See 232 N.W. at 320. And Overton involved an appeal by a medical doctor, who was not a party to the underlying action, after the district court found that the doctor exerted undue influence over his patient. 417 N.W.2d at 655-56. The court found that the doctor could appeal as a non-party because the finding damaged his professional reputation. Id. at 656. Neither case addresses the question presented here – whether a litigant has established the requisite injury when there are no determinations, findings, pending investigations, or charges against a professional.

The court is unpersuaded that Cohen's self-report to the OLPR establishes imminent risk of disciplinary action. First, the OLPR declined to investigate Cohen's complaint, which means there are no pending disciplinary charges or investigations. Second, Cohen

10

"cannot manufacture standing merely by inflicting harm on [himself] based on [his] fears of hypothetical future harm that is not certainly impending." Clapper, 568 U.S. at 416.

Cohen argues that he has been harmed because he was required to self-report professional violations. Even if true, Cohen's OLPR complaint still does not constitute imminent injury. In declining to investigate Cohen's complaint, the OLPR said that it would evaluate a new complaint following the resolution of this litigation if Cohen chooses to submit one. Not only would the filing of a new complaint happen "at some indefinite future time" after this case is resolved, but "the acts necessary to make the injury happen are at least partly within the plaintiff's own control," that is, when and if Cohen decides to file another complaint. Lujan, 504 U.S. at 564 n.2. If the court were to conclude that this possible future OLPR complaint was somehow "imminent," it would stretch the term "beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes ...." Id. As a result, Cohen's dismissed OLPR complaint, and the mere possibility of a future complaint, are insufficient to confer standing.[10]

---

[10] It seems unlikely that Cohen will file another complaint with the OLPR once this case is resolved, as it appears to be a ploy to establish standing for his unauthorized practice of law claims.

Cohen also contends that Minnesota's unauthorized practice of law statute and the private attorney general statute confer standing. See Minn. Stat. § 481.02 subdiv. 8(c); Minn. Stat. § 8.31 subdiv. 3a. He is incorrect. As explained in Spokeo, injury in fact is a constitutional requirement that cannot be avoided "by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." 136 S. Ct. at 1547-48. Injury is not only required for constitutional standing, but it is also required under the private attorney general statute. See Minn. Stat. § 8.31 subdiv. 3a ("any person injured by a violation of any of the laws referred to ... may bring a civil action ...."). As discussed above, Cohen does not have the requisite injury for standing and therefore cannot rely on the Minnesota statutes to bring suit.

Lastly, the court rejects Cohen's assertion that he has standing to pursue his unauthorized practice of law claims under the doctrine of supplemental jurisdiction. Cohen specifically argues that because he has standing to bring a claim under the FLSA, he also has standing to bring any and all state law claims. The court again disagrees. It is well-settled that a court cannot exercise "supplemental jurisdiction over a claim that does not itself satisfy those elements of the Article III inquiry, such as constitutional standing ...." DaimlerChrystler Corp. v. Cuno, 547 U.S. 332, 351-52 (2006).

In sum, Cohen lacks standing to bring any unauthorized practice of law claims individually or on behalf of a class, as stated in counts II, III, IV, and VIII[11] of his proposed amended complaint, and in counts II, III, IV of the original complaint. See Frank v. Gaos, 139 S. Ct. 1041, 1046 (2019) ("[F]ederal courts lack jurisdiction if no named plaintiff has standing."). As a result, the court will dismiss counts II, III, and IV of the original complaint without prejudice.

**III. Fraud in the Inducement**

Because the court has determined that Cohen lacks standing to pursue claims based on the unauthorized practice of law, the sole remaining issue is whether he should be permitted to amend his complaint to add a claim for fraudulent inducement.

    **A.   Standard of Review**

When a party seeks to amend the complaint, "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The court may deny leave to amend "if there are compelling reasons such as ... undue prejudice to the non-moving party, or futility of the amendment." Reuter v. Jax Ltd., Inc., 711 F.3d 918, 922 (8th Cir. 2013) (internal citations omitted).

---

[11] Because count VIII of the proposed amended complaint is futile due to lack of standing, the motions to amend to add Count VIII are denied. In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007) (holding that an amendment that would be dismissed under Rule 12 is futile and therefore denied).

13

An amendment is futile when it could not survive a motion to dismiss under Rule 12. In re Senior Cottages of Am., LLC, 482 F.3d 997, 1001 (8th Cir. 2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[12] Gallagher v. City of Clayton, 699 F.3d 1013, 1016 (8th Cir. 2012) (citation and internal quotation marks omitted). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

A fraudulent-inducement claim must meet the heightened pleading requirements of Rule 9(b). See FCS Advisors, LLC v.

---

[12] Cohen mistakenly argues that the Minnesota Rules of Civil Procedure apply here. Asay v. Hallmark Cards, Inc., 594 F.2d 692, 698-99 (8th Cir. 1979) ("The manner of setting forth allegations is a matter of procedure, not substance, and a federal court cannot be bound by a state's technical pleading rules.").

14

Missouri, 929 F.3d 618, 620 (8th Cir. 2019). The requirements of Rule 9(b) are read "in harmony with the principles of notice pleading," and the level of particularity required depends upon the nature of a case. Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002) (citation and internal quotation marks omitted). However, "[c]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Id. (citation and internal quotation marks omitted). To satisfy the heightened pleading requirement, a plaintiff must set forth the "who, what, where, when, and how" of an alleged fraud. U.S. ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006) (citation and internal quotation marks omitted). In other words, a plaintiff must plead "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (citation and internal quotation marks omitted).

### B. Merits

Cohen alleges fraudulent inducement, individually and on behalf of the public under the private attorney general statute. Consilio argues that this claim is futile because the private attorney general statute does not authorize Cohen to bring such a

claim, and he has not pleaded the claim with the requisite particularity. The court agrees with Consilio.

The purpose of the private attorney general statute is to "grant[] private citizens the right to act as a private attorney general" to enforce fraudulent business practice laws. Ly v. Nystom, 615 N.W.2d 302, 313 (Minn. 2000) (internal quotations omitted). The statute does not apply to "private or individual interests independent of a public purpose." Id. Courts look to the following factors to determine whether there is a public benefit: (1) "[t]he degree to which the defendants' alleged misrepresentations affected the public"; (2) "the form of the alleged representation"; (3) "the kind of relief sought"; and (4) "whether the alleged misrepresentations are ongoing." HomeStar Prop. Sols., LLC v. Safeguard Props., LLC, No. 14-cv-4531, 2016 WL 526213, at *3 (D. Minn. Feb. 9, 2016) (quoting Khoday v. Symantec Corp., 858 F. Supp. 2d 1004, 1017 (D. Minn. 2012)).

Cohen does not explain how his fraud claim benefits the public or how Consilio's alleged fraud affected anyone else. The claim arises out of a private conversation between Cohen and Consilio about Cohen's prospective employment. The court cannot conclude that such conversation implicates the public interest. See Summit Recovery, LLC v. Credit Card Reseller, LLC, No. 08-cv-5273, 2010 WL 1427322, at *5 (D. Minn. Apr. 9, 2010) (citing Ly, 615 N.W.2d

at 313-14) ("[A] one-on-one misrepresentation is purely private and is not a ground for relief.").

Cohen's allegations also fail to state a fraud claim. To properly plead a claim for fraud in the inducement, a plaintiff must allege, among other things, damages and reliance. Hanks v. Hubbard Broad., Inc., 493 N.W.2d 302, 308 (Minn. Ct. App. 1992).

Damages are an essential element of a fraud claim. Kastelyns v. Blomquist, 1995 WL 295923, at *1 (Minn. Ct. App. 1995) (citing Weise v. Red Owl Stores, Inc., 175 N.W.2d 184, 187 (Minn. 1970), overruled on other grounds) ("Without any damages, appellant cannot maintain an action for fraud."). But Cohen has not alleged any facts to underpin his bald assertion that he suffered actual damages. See Iqbal, 556 U.S. at 678 (explaining that "labels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim).

Cohen has also failed to plead reliance. An employee "who merely continues and does not demonstrate to have turned down other offers of employment based on an employer's representation is legally insufficient to show reliance." Anderson v. Alorica, Inc., No. 03-cv-3248, 2004 WL 1118635, at *5 (D. Minn. May 18, 2004) (citing Evertz v. Aspen Med. Grp., 169 F. Supp. 2d 1027, 1031 (D. Minn. 2001)). Cohen does not allege that he declined other employment opportunities so he could work for Consilio. Id. (finding that plaintiff failed to establish reliance when she

17

failed to demonstrate she turned down concrete employment opportunities based on defendant's alleged fraud to induce her to accept its employment offer). As a result, the fraudulent-inducement claim is futile. Because the new claims raised in the proposed amended complaint are futile, the court must deny the motions to amend.

The court also denies the motions to amend given the prejudice to Consilio. Cohen was aware of the factual basis for both proposed new claims when he filed the original complaint. His decision to add more claims – approximately six months later – "could have been made months ago," before Consilio answered the complaint, filed its motion to dismiss, briefed the motion, and argued the motion before the court. Burke v. Bank of Am., No. 11—cv-669, 2011 WL 13234393, at *2 (D. Minn. May 24, 2011) (denying plaintiffs' motion to amend because "[t]he facts that plaintiffs believe support additional claims were available to plaintiffs at the time they filed their complaint; this amendment could have been made months ago."). It would be unfairly prejudicial to require Consilio to bear the cost of addressing two new claims at this stage of the case simply because Cohen chose to wait to bring them.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motions to amend the complaint [ECF Nos. 26, 28] are denied;

2. The motion to dismiss [ECF No. 10] is granted in part; and

3. Counts II, III, and IV of the complaint are dismissed without prejudice.

Dated: May 27, 2021
          s/David S. Doty
          David S. Doty, Judge
          United States District Court