```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
           CIVIL NO. 20-1689(DSD/BRT)
```

Bruce C. Cohen,
Individually, as private attorney general,
and on behalf of similarly situated
individuals,

        Plaintiff,

v.                                                    **ORDER**

Consilio LLC and Consilio Services, LLC,

        Defendants.

     This matter is before the court on the objection by plaintiff Bruce Cohen to the June 9, 2022, order granting in part the motion of defendants Consilio LLC and Consilio Services LLC (collectively Consilio) to compel further responses to Interrogatory No. 4, in which Consilio seeks the identification of all current and former employees of Consilio who have communicated with Cohen's counsel about the subject matter of the complaint and the details of any such communications.

     The magistrate judge determined that Cohen need not respond to Interrogatory No. 4 insofar as it requests the disclosure of communications with his counsel Earl Singh for the purpose of seeking legal advice about the November 2021 Consilio communications and payments, and with whom Singh communicated. The magistrate judge also determined that the interrogatory in question was broadly worded to include additional information that is subject to disclosure;

namely, the identity of individuals who communicated with Cohen or his representatives, including his counsel, regarding the allegations in the complaint and/or Cohen's claims, for any reason other than to seek legal advice regarding the November 2021 Consilio communications and payments.

Cohen objects to the latter-described part of the order, arguing that it would require him to disclose privileged communications. Consilio responds that Cohen can identify any responsive documents that may be privileged on a log. The court agrees with the magistrate judge and Consilio.

The district court will modify or set aside a magistrate judge's order on a nondispositive issue only if it is clearly erroneous or contrary to law. 28 U.S.C. ' 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a). This is an "extremely deferential" standard. Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir. 1995) (citations and internal quotation marks omitted). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (citations and internal quotation marks omitted).

Cohen has failed to establish that the order is clearly erroneous or contrary to law. The court has reviewed the record and is satisfied that the magistrate judge's analysis and ruling are well-reasoned and correct. Nothing in Cohen's objection undermines the order or its basis. As noted, Cohen may list any

communications he believes to be privileged on a log to be considered by the court at a later time, if needed.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the objection [ECF No. 103] to the magistrate judge's order is overruled.

Dated: August 24, 2022

s/David S. Doty
David S. Doty, Judge
United States District Court
