UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bruce C. Cohen, individually, as private attorney general, and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>Consilio LLC, and Consilio Services, LLC,<br><br>Defendants. | Court File No. 0:20-cv-01689-DSD-DTS<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT** |

Plaintiff Bruce C. Cohen ("Cohen"), by and through the undersigned counsel, on behalf of himself and the conditionally-certified collective of Plaintiffs asserting claims against Defendants under the Fair Labor Standards Act (referred to as "FLSA Collective Plaintiffs"), respectfully moves this Court to enter an order approving of the Parties' Final Settlement Agreement resolving the FLSA Collective claims as follows.

1. Through this lawsuit, Plaintiff brings, *inter alia*, a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), on behalf of himself and the FLSA Collective Plaintiffs, a national group of similarly-situated employees of Defendants, seeking to recover unpaid overtime wages. (Dkt. 1, pp. 18-19).

2. The Parties entered into a Stipulation, approved by the Court on August 16, 2022, whereby the Defendants agreed to the conditional certification of Plaintiffs' FLSA claims, and the Parties agreed to stay this litigation while they attempted to resolve those claims through mediation. (Dkt. 111).

3. Shortly following the mediation, the Parties successfully agreed to financial terms and some, but not all, of the nonfinancial terms to settle the FLSA Claims. Then, on

May 22, 2023, the Parties executed a Settlement Term Sheet including all financial and nonfinancial terms. (*See* Dkt. 119).

4.  The Parties have now agreed to a proposed Final Settlement Agreement to resolve these claims. A copy of that Agreement is filed concurrently with this Motion as Exhibit 1.

5.  As explained in the accompanying Memorandum of Law in support of this Motion, the Parties' Final Settlement Agreement is a fair and reasonable resolution reached as a result of contested litigation to resolve bona fide disputes. The Court should therefore approve of this Final Settlement Agreement.

6.  In order to provide all opt-in Plaintiffs with sufficient notice and the information needed to assess the reasonableness of the Final Settlement Agreements, Plaintiffs' counsel shall send copies of the Agreement, along with an explanation of the terms and the disputed issues, to all Plaintiffs shortly after the filing of this Motion. Plaintiffs have also scheduled a fairness hearing for October 3, 2023, at 11:00 am, at which time any opt-in Plaintiffs who wish to register any objection to the Final Settlement Agreement may appear and do so.[1] (Dkt. 125).

---

[1] It is Defendants' position that the Court need not hear potential objections regarding the settlement agreement from opt-in plaintiffs. The court-authorized notice notified the opt-in plaintiffs that "[i]f you choose to join in the lawsuit, you should understand that there is no guarantee of success or recovery for you or any other Plaintiff in this case and that you will be bound by the judgment or settlement, whether it is favorable or unfavorable. *See* Doc. 109-1. The notice further provided that "[b]y joining this lawsuit, you designate the class representative – Bruce Cohen, as your agent to make decisions on your behalf concerning all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the class representative will be binding on you if you join this lawsuit." *See id.*; *see also Haskett v. Uber Techs., Inc.*, 780 F. App'x 25, 27 (4th Cir. 2019) ("Haskett opted into the lawsuit, agreeing to 'be bound by any adjudication or ruling of the Court, whether favorable or unfavorable' . . . Haskett's argument that the district court erred by not notifying the members of the collective of the proposed settlement agreement is without merit. Haskett confuses this collective action under 29 U.S.C. § 216(b) (2012), with a class action under Federal Rule of Civil Procedure 23 . . . Unlike Rule 23, section 216(b) does not require a district court to notify potential claimants about a proposed settlement).

7. Where the parties reach settlement after a court has conditionally certified an FLSA collective class, some courts have held that they must make some final class certification before approving the collective action settlement. For this reason, Plaintiffs also request an order granting final certification, for settlement purposes, of the collective that was previously conditionally certified.

8. Defendants have agreed to the terms of the Final Settlement Agreement. As such, they do not oppose this motion for approval of the Agreement.

WHEREFORE, Plaintiffs respectfully request that the Court:

a) Enter an order granting final certification of the FLSA Collective for settlement purposes;

b) Conduct the requested fairness hearing in order to hear and consider any objections or challenges to the Final Settlement Agreement; and

c) Enter an order approving of the Final Settlement Agreement.

Dated: September 20, 2023.

Respectfully submitted,

*/s/ Earl J. Singh, Esq.*
Earl J. Singh Esq., ID # 0178263
Singh Advisors, LLC
711 Smith Avenue South
St. Paul, MN 55107
651-647-6250 (office)
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 (fax)
earl.singh@singhadvisors.com

*/s/ Matt Pierce*
Matt Pierce (Admitted PHV)
Asher, Gittler & D'Alba, Ltd.
200 W. Jackson Blvd, Suite 720
Chicago, Illinois 60606
312/263-1500 (phone)
312/263-1520 (fax)
mjp@ulaw.com

ATTORNEYS FOR PLAINTIFFS