```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
            CIVIL NO.: 20-1689(DSD/DTS)
```

Bruce C. Cohen, individually,
as private attorney general,
and on behalf of similarly
situated individuals,

               Plaintiffs,

v.                                 **ORDER**

Consilio LLC, and Consilio
Services, LLC,

               Defendants.

This matter is before the court upon plaintiffs' unopposed motion for approval of Fair Labor Standards Act (FLSA) collective action settlement. Based on the memoranda, declarations, exhibits, and all of the files and proceedings herein, the court orders as follows:

    1.  The court grants the unopposed motion for approval of FLSA collective action settlement [ECF No. 137].

    2.  The court grants plaintiffs' unopposed request for final certification, for settlement purposes, of the following collective pursuant to Section 216(b) of the FLSA, which was previously conditionally certified by the court on August 16, 2022:

> All U.S. licensed attorney document reviewers employed by Consilio Services, LLC in the United States from August 5, 2019 to present who were classified as exempt

    from overtime and were not paid for overtime for hours over 40 in a workweek.

This final certification for settlement purposes includes the 498 plaintiffs who have filed, and have not withdrawn, consent forms with the court; it does not include any individuals who have not filed consent forms with the court or have withdrawn consent.[1]

    3.    The court approves the parties' settlement agreement as a fair and reasonable resolution of a bona fide dispute under the FLSA, and specifically finds as follows:

        a.    The court approves of the provisions of the parties' settlement agreement providing for payment of attorney's fees to class counsel in the amount of $497,426.60, disbursements and expenses of $24,883.35, and the collective settlement administrator's fee of $12,128.  The court finds that the requested attorney's fees (thirty percent of the net common settlement fund) are reasonable in light of (1) the benefit conferred on the class, (2) the risk to which class counsel was exposed, (3) the difficulty and novelty of the legal and factual issues, (4) the skill of the lawyers, (5) the time and labor involved, (6) the reaction of the class, and (7) the comparison between the requested attorney fee

---

[1] On September 29, 2023, the court received notice that opt-in plaintiff Jeffrey S. Austin has withdrawn his previous consent to the settlement agreement.  ECF No. 144.  As such, he is no longer a party to this action.

percentages and percentages awarded in similar cases. The Court finds that the amount of time spent and the hourly rates charged by class counsel are reasonable. The court further finds that the expenses requested are in line with the parties' settlement agreement are reasonable and necessary to the litigation; and

    b.   The court further approves of the provisions of the parties' settlement agreement providing for a service award of $5,000 to the lead plaintiff, Bruce C. Cohen. The amount requested is reasonable in light of (1) the actions the Plaintiff took to protect the class's interest, (2) the degree to which the class has benefited from those actions, and (3) the amount of time and effort the plaintiff expended in pursuing litigation.

4.   Plaintiffs have stipulated in their settlement agreement to the voluntary dismissal with prejudice of their FLSA collective claims. Accordingly, plaintiffs' collective claims under the FLSA (Count I of the complaint) are hereby dismissed with prejudice.

5.   The court recognizes, as stated in the parties' settlement agreement, that it is the intent of the parties that although this order does not dispose of all claims in this lawsuit, this order shall be a final order with respect to the FLSA claims, and that after its entry, this order shall not be appealed,

challenged, or modified in any way without the agreement of all parties. The notice materials distributed to the opt-in plaintiffs indicated that "[b]y joining this lawsuit, you designate the class representative – Bruce Cohen, as your agent to make decisions on your behalf concerning all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the class representative will be binding on you if you join this lawsuit." Additionally, the consent form each opt-in plaintiff filed indicates "I consent to having Bruce Cohen, the named Plaintiff in this lawsuit against Consilio Services, LLC and Consilio, LLC, to make all decisions regarding litigation, the method and manner of conducting litigation, the terms of any potential settlement of this litigation, releasing of claims, and all other matters pertaining to this lawsuit." Accordingly, and as a term of the parties' settlement agreement, the named plaintiff Bruce Cohen on his own behalf, and on behalf of all opt-in plaintiffs, has agreed to waive any right he or any opt-in plaintiff may have to appeal this order. The court hereby approves of all plaintiffs' waiver of any right they may have to appeal this order, and any right they may have to appeal the dismissal of the FLSA claims. As a result, the deadline for any plaintiff who has not withdrawn from this lawsuit and is therefore bound by the

4

settlement agreement to appeal this order shall be considered to have expired on entry of this order.

Dated: October 3, 2023

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court