UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-1689 (DSD/DTS)

Bruce C. Cohen, as individually,
as private attorney general, and
on behalf of similarly situated
individuals,

          Plaintiffs,

v.                                                      **ORDER**

Consilio LLC, and
Consilio Services, LLC,

          Defendants.


This matter is before the court upon defendants Consilio LLC's and Consilio Services, LLC's (collectively, Consilio) motion for summary judgment on the remaining counts in plaintiff Bruce Cohen's complaint.  Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.


**BACKGROUND**

The details of this matter's background are set forth fully in the court's previous orders.  In this order, the court will recite only those facts and procedural history necessary for the determination of Consilio's motion for summary judgment.

On August 4, 2020, plaintiff Bruce Cohen commenced this suit, alleging that Consilio violated the Fair Labor Standards Act (FLSA) and engaged in – and required him to engage in - the unauthorized

practice of law.  In count I, he asserted a nationwide FLSA collective class for all Consilio document reviewers who were classified as exempt from FLSA's overtime requirements.  In count II, Cohen asserted a Rule 23 class action on behalf of Minnesota document reviewers under the Minnesota private attorney general statute, the Minnesota Professional Firms Act (MPFA), and Minnesota's unauthorized practice of law statute.  In counts III and IV, Cohen sought declaratory relief based on the unauthorized practice of law under Delaware and Virginia law.  In counts V-VII, he raised claim under the Minnesota Wage Theft Act (MWTA), the Minnesota Fair Labor Standards Act (MFLSA), and the Minnesota Payment of Wages Act (MPWA).

On May 27, 2021, the court granted Consilio's motion to dismiss counts II, III, and IV of the complaint.  ECF No. 39. On August 16, 2022, the court conditionally certified Cohen's proposed class under the FLSA.  ECF No. 111.  In September 2023, the parties settled the FLSA claim with court approval.  ECF Nos. 137, 145.

Cohen acknowledges that Consilio has paid him for all overtime wages he is entitled to in this action and that he has also been paid all liquidated damages recoverable under the MFLSA.  Lassetter Decl. Ex. A ¶¶ 8-10.  He still seeks $172,080 in average daily wage penalties and other penalties under Minnesota law.  Consilio now moves for summary judgment on Cohen's remaining claims - counts

V, VI, and VII, primarily arguing that Cohen does not have a private right of action to seek such penalties.[1]

**DISCUSSION**

## I.   Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252.  On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party.  Id. at 255.

The nonmoving party, however, may not rest on mere denials or allegations in the pleadings, but must set forth specific facts

---

[1] Although Consilio challenges the constitutionality of the Minnesota statutes at issue, it acknowledges that the constitutional arguments need not be resolved if the court concludes that Cohen does not have a private right of action to seek penalties under those statutes.  See Supp. Lassetter Decl. Ex. A.  As will be discussed, the court agrees with Consilio that Cohen does not have a private right of action to recover statutory penalties.  As a result, the court will not address Consilio's constitutional arguments.

sufficient to raise a genuine issue for trial.  Celotex, 477 U.S. at 324.  A party asserting that a genuine dispute exists – or cannot exist – about a material fact must cite "particular parts of materials in the record."  Fed. R. Civ. P. 56(c)(1)(A).  If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial.  Celotex, 477 U.S. at 322-23.

## II.  MPWA Claim

Through his MPWA claim, Cohen seeks unpaid overtime wages, liquidated damages, and an average daily earnings penalty.  Because Cohen has already recovered overtime wages and liquidated damages, the issue remaining is whether he may recover penalties under the MPWA.  Consilio argues that Cohen cannot so do because individual employees have no private right of action to recover such penalties.

Under the MPWA, "every employer must pay all wages earned by an employee at least once every 31 days and all commissions earned by an employee at least once every three months, on a regular payday."  Minn. Stat. § 181.101(a).  The term "wages" includes "salary, earnings, and gratuities, as well as commissions, in addition to the right to be paid at certain times."  Id.  The Act separately authorizes the Commissioner of the Department of Labor and Industry (DLI) to "charge and collect ... a penalty in the

4

amount of the employee's average daily earnings" from the employer.
Id.  "[T]he Commissioner's authority to ... impose penalties 'does
not prevent an employee from prosecuting a claim for wages.'"  Hull
v. ConvergeOne, Inc., 570 F. Supp. 3d 681, 695 (D. Minn. 2021)
(quoting Minn. Stat. § 181.101(a)).   In other words, an employee
may seek wages owed under the statute, but the penalty provision
may only be enforced by the Commissioner.[2]   Deutsch v. My Pillow,
Inc., No. 20-cv-318, 2023 WL 3125549, at *29 (D. Minn. Apr. 27,
2023).   Because the law is clear in this regard, the court is
unpersuaded by Cohen's arguments that he is entitled to pursue a
penalty on his own behalf.

Cohen first argues that he has standing to bring a claim under
the MPWA and is therefore entitled to pursue penalties under the
Act.  Although he is correct that he has standing to bring a claim
under the MPWA for unpaid overtimes wages, that fact does not
entitle him to seek penalties he is otherwise unable to pursue
under the plain language of the statute.

Cohen next argues that Minn. Stat. § 181.171, subdiv. 1,
allows him to pursue penalties under the MPWA because it authorizes
him to "bring a civil action seeking redress for violations of ...
181.101" among other statutes.   But § 181.171, subdiv. 1, also
states that an employer found to have violated § 181.101 "is liable

---

[2]   As far as the court is aware, the DLI has not commenced
any action against Consilio to recover penalties.

to the aggrieved party for the civil penalties provided for in the section violated." The latter part of that sentence brings the analysis back to whether § 181.101 allows private litigants to enforce civil penalties under the Act. As already established, it does not.

**III. Claims for Civil Penalties Under the MWTA and the MFLSA**

Cohen likewise seeks to pursue additional civil penalties he believes are authorized by the MWTA and the MFLSA on his own behalf and on behalf of a putative class under Federal Rule of Civil Procedure 23. He specifically requests civil penalties of $1,000 per violation of each Act.

In this context, both Acts are governed by Minn. Stat. § 177.27, subdivisions 7 and 8. See Minn. Stat. §§ 181.032, 181.171, subdiv. 1, and 177.25. Section 177.27, subdivision 7 provides the structure and remedies available to the Commissioner against an employer in violation of the Acts, including imposing a civil penalty of up to $10,000 per violation. Subdivision 8 allows employees to bring a private right of action to recover unpaid "wages, gratuities, and overtime compensation." It also states that "in an action under this subdivision the employee may seek damages and other appropriate relief provided by subdivision 7 and otherwise provided by law." Minn. Stat. § 177.27, subdiv. 8.

According to Cohen, this language gives him the authority to seek civil penalties in a private action. But case law belies his contention. In Milner v. Farmers Inc. Exchange, 748 N.W.2d 608, 618 (2008), the Minnesota Supreme Court held that "civil penalties are payable to the state" and therefore not private litigants, notwithstanding the language in subdivision 8. The court is unpersuaded by Cohen's argument that Milner was superseded by a 2019 amendment to Minn. Stat. § 181.101. The fact remains that the Commissioner alone is authorized to enforce penalties for an employer's wage violations. See Minn. Stat. 181.101(a) (emphasis added) ("In addition to other remedies under section 177.27, if payment of wages is not made within ten days of service of the demand, the commissioner may charge and collect ... a penalty in the amount of the employee's average daily earnings at the same rate or rates for each day beyond the ten-day limit following the demand.").

As a result, Cohen is not entitled to seek penalties for violations of the Minnesota statutes identified in the complaint.

**IV.  Additional Damages**

Because Cohen is also seeking prejudgment interest and attorney's fees, he argues that summary judgment is not warranted. As Consilio notes, however, prejudgment interest is not owed at this time as judgment has not been entered. With respect to attorney's fees, the court has already approved an unopposed motion

7

for fees and costs associated with the class settlement.  ECF No.

145.  As far as the court is aware, there are no outstanding issues

with respect to fees.  Accordingly, there are no disputed facts

precluding summary judgment regarding damages.[3]

**V.    Injunctive Relief**

Cohen seeks the following injunctive relief relating to the

Minnesota statutes at issue:

- "[A] permanent injunction prohibiting [Consilio] from failing to pay overtime wages ... before sending a notification of a change in overtime eligibility in accordance with [Minn. Stat.] § 181.032(f)."
- "[A] permanent injunction prohibiting [Consilio] from providing legal services or engaging in the practice of law in Minnesota until they are duly registered and elect coverage under the Minnesota Professional Firms Act, and also in compliance with the reporting requirement of the Minnesota Board of Professional Responsibility."
- "[A] permanent injunction prohibiting [Consilio] from failing to pay overtime wages ... for each hour worked over forty-eight."
- [A] permanent injunction prohibiting [Consilio] from claiming that its Employees perform professional legal services."
- [A] permanent injunction prohibiting [Consilio] from failing to pay overtime wages ... for each hour worked over forty."

Compl. at 45, 49, 50, 53.  In other words, Cohen seeks "obey-the-

law" admonitions through injunctive relief.  Such injunctions are

disfavored and the court declines to impose them here.  See Mulcahy

---

[3] Despite Cohen's argument to the contrary, the court does not see any basis on which to conclude that he has not been paid all wages due under Minnesota law.  As noted above, he even stipulated to the contrary.  See Lassetter Decl. Ex. A.

v. Cheetah Learning LLC, 386 F.3d 849, 852 n.1 (8th Cir. 2004)

(noting that "blanket injunctions to obey the law are disfavored").


## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1.    The motion for summary judgment [ECF No. 127] is granted; and

2.    The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: March 6, 2024                    s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court

9