```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               CIVIL NO. 20-1689 (DSD/DTS)
```

Bruce C. Cohen, as individually,
as private attorney general, and
on behalf of similarly situated
individuals,

                Plaintiffs,

v.                                          **ORDER**

Consilio LLC, and
Consilio Services, LLC,

                Defendants.

     This matter is before the court upon plaintiff Bruce Cohen's motion to vacate judgment under Federal Rule of Civil Procedure 59(e).

     On March 6, 2024, the court granted the motion for summary judgment by defendants Consilio LLC and Consilio Services, LLC (collectively, Consilio). In doing so, the court specifically dismissed Cohen's claims under the Minnesota Wage Theft Act (MWTA), the Minnesota Fair Labor Standards Act (MFLSA), and the Minnesota Payment of Wages Act (MPWA). ECF No. 147. Cohen argues that the court erred in three ways.

     Cohen first contends that the court erred in determining that he is not entitled to seek statutory penalties under the MPWA. Second, he claims that the court erred in dismissing his MFLSA claims with prejudice because it deprives him of the right to seek

injunctive relief requiring Consilio to obey the law. Third, he argues that the court erred in not allowing him to pursue attorney's fees.

A motion to alter or amend judgment, pursuant to Rule 59(e), serves the limited function of "correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotations omitted). Rule 59(e) does not afford an opportunity to present evidence or legal argument that could have been offered prior to entry of judgment. Freeman v. Busch, 349 F.3d 582, 589 (8th Cir. 2003). Nor can the rule be used to rehash arguments already made and lost. Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). A motion under Rule 59 "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Ag., 838 F. Supp. 1346, 1348 (D. Minn. 1993). The court has "broad discretion in determining whether to open a judgment pursuant to a Rule 59(e) motion." Roudybush v. Zabel, 813 F.2d 173, 178 (8th Cir. 1987).

The court has reviewed the parties' briefing on the motion for summary judgment as well as the briefs submitted for purposes of the present motion. Based on that review, the court considers Cohen's motion to be nothing more than an attempt to relitigate

2

issues previously raised. In support of the instant motion, Cohen relies on no new evidence or recently developed law, but instead seeks only to rehash arguments already made and lost. The court will not grant relief based on such efforts.

    Accordingly, **IT IS HEREBY ORDERED** that the motion under Rule 59(e) [ECF No. 149] is denied.

Dated: April 24, 2024
                        s/David S. Doty
                        David S. Doty, Judge
                        United States District Court